# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VICTOR R. COTTON,
                                        Plaintiff

v.

THREE RIVERS HEALTH PLANS, INC.,
a Corporation, and WARREN
CARMICHAEL,
                                        Defendants

:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 1:CV-00-1709

Judge Kane

**FILED**
**HARRISBURG**

FEB 18 2002

MARY E. D'ANDREA, CLERK

Per _____

DEPUTY CLERK

---

## PLAINTIFFS' PRETRIAL CONFERENCE MEMORANDUM

Date Conference was held by counsel: January 2, 2002

### A.      Brief Statement of Federal Court Jurisdiction

Plaintiff, Victor R. Cotton, began this action by filing a Complaint in the Court of

Common Pleas of Dauphin County, Pennsylvania, on September 12, 2000.  By notice of

September 25, 2000, Defendants removed the case to this Court because of the federal question

asserted in Counts 4 and 5 of the Complaint.

### B.      Summary of Statement of Facts and Contentions as to Liability

Three Rivers Health Plans, Inc. ("TRHP"), is a Pennsylvania-licensed health maintenance

organization.  Dr. Cotton was hired by Defendant in September of 1997.  Dr. Cotton was

promoted to Senior Medical Director in January of 1998.  In September of 1998, Dr. Cotton and

Defendant agreed to a long-term relationship of a term of three (3) years.  Furthermore, Mr.

Carmichael acknowledged the terms of Dr. Cotton's employment.  After multiple changes to the

draft of the document to be signed, the long-term employment contract was reduced to an

agreement whereby Plaintiff gave up approximately thirty three percent of his then current

income in return for Defendant's promises of a greater return to accrue over the next three (3)

years in the form of ownership of TRHP.  The final documents memorializing the agreement

were signed on May 4, 1999.

Through the course of his work, Dr. Cotton became aware that Defendant was violating

patient care by allowing a drug impaired pharmacist (Guffy) to make life sustaining patient

decisions; allowing Carmichael (an accountant) to make patient care decisions and intentionally

understaff necessary for the proper delivery of health care; and improperly disenrolling organ

transplant recipient candidates.  Defendant was aware of Dr. Cotton's objections to these

activities and the possibility that Plaintiff would take the information to the authorities.

Plaintiff was terminated on May 26 1999.

**C.**      **Comprehensive Statement of Undisputed Facts**

Plaintiff was hired in September of 1997 and terminated on May 26, 1999.

**D.**      **Brief Description of Damages**

Plaintiff is entitled to back wages and yearly bonuses since May 26, 1999, the 3% stock

option and punitive damages.

**E.**      **Witnesses**

See Plaintiff's Witness List which is attached as Exhibit "A."  Furthermore, any

witnesses identified in discovery or listed by Defendant.

**F.**      **Expert Witnesses**

None.

**G.**      **Special Comments about Pleadings and Discovery.**

In accordance with this Court's Memorandum and Order allowing Plaintiff's claim for

punitive damages, based on Plaintiff's wrongful termination cause of action, to remain in this

case, Plaintiff is renewing its request for financial information from Three Rivers showing its net

worth. Plaintiff requested Three Rivers' profit and loss reports, tax returns and year-end

financial statements in its Request for Production of Documents #3, 4 and 5. Three Rivers

objected on the basis that the information was not relevant. In light of this Court's ruling

allowing Plaintiff's claim for punitive damages, the information Plaintiff is seeking is now very

relevant and must be produced. Plaintiff would like to avoid filing a Motion to Compel at this

state of the litigation and requests that this Court order production of the requested information,

Furthermore, the following items were originally requested in Plaintiff's Request for

Production of Documents. Defendant objected on the basis of "relevancy". Follow up letters

were sent on 8/7/01 and 10/17/01 requesting these items again. Plaintiff has not received a

response to these letters.

1. Personnel file for Danette Mandella (not yet supplied by Defendant);

2. Personnel file for Pat Casey (not yet supplied by Defendant);

3. Personnel file for Peggy Wetzel (not yet supplied by Defendant);

4. Personnel file for Jill Guffey (not yet supplied by Defendant);

5. All Three Rivers' files which relate to Dr. Cotton (in the depositions, various employees discussed files regarding Dr. Cotton) (not yet supplied by Defendant);

6. Hospital contracts and all communication with regard to these contracts, renegotiations and issues or problems arising out of the relationship between these hospitals and Three Rivers (not yet supplied by Defendant);

7. Provider contracts (not yet supplied by Defendant);

8. Files with regard to the investigation conducted by Mr. Hogenmiller (not yet supplied by Defendant);

9. DPW records (in the Case management Order, Three Rivers agree to produce these documents) (not yet supplied by Defendant);

10.   All documents criticizing Dr. Cotton and his performance as a Medical Director for Three Rivers (not yet supplied by Defendant);

11.   All job descriptions for Dr. Cotton's role as Medical Director, whether such description was produced internally by Three Rivers or by an outside entity (e.g. DPW). (not yet supplied by Defendant).

## H.    Summary of legal issues and legal authorities

<u>**WRONGFUL DISCHARGE**</u> – **Whether Defendant wrongfully terminated Plaintiff?**

In general, Pennsylvania does not recognize a common-law cause of action for the termination of an at-will employee. <u>Paul v. Lankenau Hosp.</u>, 569 A.2d 346 (Pa. 1990). An at-will employee may be fired for good reason, bad reason, or no reason at all. <u>Krajsa v. Keypunch, Inc.</u>, 622 A.2d 355 (Pa. Super. 1993). Exceptions to this rule have been recognized in only the most limited of circumstances, where discharge of at-will employees would threaten clear mandates of public policy. <u>Clay v. Advanced Computer Applications, Inc.</u>, 559 A.2d 917 (Pa. 1989).

In order to state a cause of action for wrongful discharge based upon the public policy exception to the at-will employment doctrine, the employee must identify "a clear public policy articulated in the constitution, legislation, an administrative regulation, or a judicial decision." <u>Hunger v. Grant Cent. Sanitation</u>, 670 A.2d 173, 175 (Pa. Super. 1996). A cause of action for wrongful termination of an at-will employment relationship can be sustained only "in the most limited of circumstances where the termination implicates a clear mandate of public policy." <u>McLaughlin v. Gastrointestinal Specialists, Inc.</u>, 750 A.2d 283, 287 (Pa. 2000).

The public policy at issue should be the type which "strikes at the heart of the citizen's social rights, duties and responsibilities." <u>McGonagle v. Union Fidelity Corp.</u>, 556 A.2d 878 (Pa. Super. 1989), *allocatur denied*, 575 A.2d 115 (Pa. 1990).

4

The public policy exception is generally broken down into three categories: an employer cannot (1) require an employee to commit a crime; (2) prevent an employee from complying with a statutorily imposed duty; or (3) discharge an employee when a statute specifically prohibits it from doing so. Spierling v. First American Home Health Servs., Inc., 737 A.2d 1250 (Pa. Super. 1999).

An employer cannot terminate an "at-will" employee where "[the employer] is specifically prohibited from doing so by statute." Hennessy v. Santiago, 708 A.2d 1269, 1273 (Pa. Super. 1998).

Pennsylvania's "medical gag clause prohibition", 40 P.S. 991.2113(c), states that:

> "No managed care plan shall terminate the employment of or contract with a healthcare provider for any of the following reasons: (1) advocating for medically necessary and appropriate health care consistent with the degree of learning and skill ordinarily possessed by a reputable health case provider practicing according to the applicable legal standard of care, reasonably…(3) protesting a decision, policy or practice that the health care provider, consistent with the degree of learning and skill ordinarily possessed by a reputable health care provider practicing according to the applicable legal standard of care, reasonably believes interferes with the health care provider's ability to provide medically necessary and appropriate care."

> 40 P.S. 991.2111 defines a "health care provider" as a "person who is **licensed**, certified or otherwise regulated to provide health care services under the laws of this Commonwealth, including a **physician**…."

## PUNITIVE DAMAGES

If the jury determines that Plaintiff has sustained actual damage as a result of the Defendant's wrongful conduct, then additional damages for the purpose of punishing, and making an example of the Defendant may be awarded. This award, known to the law as punitive or exemplary damages, is justified if Defendant is found to have acted with

5

malice (or other wrongful mental state).  <u>Kennard v. Louis Zimmer Communications,</u>

<u>Inc.</u>, 632 F. Supp. 635 (E.D. Pa. 1986).

**I.       Stipulations desired**

None at this time.

**J.       Estimated number of trial days**

Two (2) to Three (3) days.

**K.       Other Matters**

<u>See</u> Section "G" above regarding outstanding discovery.

**L.       Exhibits**

<u>See</u> Plaintiff's Exhibit List attached hereto as Exhibit "B."

**M.       Special Verdict Questions**

None at this time.

**N.       Notification of person with settlement authority by Defendant**

N/A.

**O.       Certification of meeting**

The parties satisfied the requirements.

**P.**     **Requests for Findings of Fact and Conclusions of Law -Trial Without Jury**

N/A.

Respectfully submitted,

HAGGERTY LAW FIRM

By:_____
William E. Haggerty, Esquire
Counsel for Plaintiff
Attorney I.D. No. 23845
240 North Duke Street
Lancaster, PA  17602
(717) 397-3200

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a true and correct copy of the foregoing document upon the person(s) and in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure.

### SERVICE BY FIRST CLASS MAIL ADDRESSED AS FOLLOWS:

David R. Fine, Esquire
Kirkpatrick & Lockhart
240 North Third Street
Harrisburg, PA  17101-1507

HAGGERTY LAW FIRM

DATED:   February 12, 2002          By:_____
                                         William E. Haggerty, Esquire
                                         Attorney I.D. No. 23845
                                         Attorney for Plaintiff
                                         P.O. Box 1527
                                         Lancaster, PA 17608-1527
                                         (717) 397-3200

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Judge: Yvette Kane

Case: Victor R. Cotton v. Three Rivers Health Plans, Inc.
No 1:CV-00-1709

## PLAINTIFF'S EXHIBIT LIST

| No.[1] | Description of Item | Identified | Evidence | Ruling | Witness |
|---|---|---|---|---|---|
| P1 | Plaintiff's Complaint | | | | |
| P2 | Deposition transcript and videotape of Victor Cotton | | | | |
| P3 | Deposition transcript and videotape of William Lawson | | | | |
| P4 | Deposition transcript and videotape of Thomas Carmichael | | | | |
| P5 | Deposition transcript and videotape of Scott Markovich | | | | |
| P6 | Deposition transcript and videotape of Lewis Perry | | | | |
| P7 | Deposition transcript and videotape of Charles Artz | | | | |
| P8 | Deposition transcript and videotape of David Thomas | | | | |
| P9 | Deposition transcript and videotape of Beverly Ludlum | | | | |
| P10 | Three Rivers Health Plans, Inc. Job Description | | | | |

1 Plaintiff reserves the right to use any exhibit included on Defendant's exhibit list and to supplement this exhibit list after the Court resolves the pending motion for summary judgment.

EXHIBIT

"A"

| P11 | Three Rivers Health Plans, Inc.'s Acknowledgement and Disclosure dated April 29, 1999 | | | | |
| P12 | Three Rivers Health Plans, Inc. Pay Rate Review and History Form | | | | |
| P13 | Documents produced by Defendant in response to Plaintiff's Request for Production of Documents: (See Attached Index) | | | | |
| P14 | Memorandum dated 9/14/98 from Bill Lawson to Victor Cotton | | | | |
| P15 | Memorandum dated 9/29/98 from Bill Lawson to Victor Cotton | | | | |
| P16 | Memorandum dated 12/1/98 from Warren Carmichael to Victor Cotton | | | | |
| P17 | Stock Option Agreement dated February 1, 1999 and effective on May 4, 1999 | | | | |
| P18 | Memorandum dated 8/26/98 from Warren Carmichael to Danette Mandella | | | | |

| P19 | Team Member Bonus Plan Evaluations | | | | |
|-----|-----|-----|-----|-----|-----|
| P20 | Quarterly Bonus Plan Team Member Evaluations | | | | |
| P21 | Dr. Cotton's Affidavit dated 10/29/01 | | | | |
| P22 | Memorandum dated 1/20/98 from Warren Carmichael to Beverly Ludlum which is attached to Defendant's Statement of Undisputed Facts as Exhibit "I" | | | | |
| P23 | Memorandum dated 5/18/99 from Beverly Ludlum to Warren Carmichael which is attached to Defendant's Statement of Undisputed Facts as Exhibit "J" | | | | |
| P24 | Memorandum dated 5/6/99 from Warren Carmichael to File re: Pat Casey Meeting | | | | |
| P25 | Memorandum dated 2/19/99 which is attached to Defendant's Statement of Undisputed Facts as Exhibit "K" | | | | |

| | | | | |
|---|---|---|---|---|
| P26 | Investigative Memorandum dated 7/30/98 from Jerry Hogenmiller re: meeting with Donna Lengel | | | |
| P27 | Investigative Memorandum dated 7/30/98 from Jerry Hogenmiller re: meeting with Terry Quinn | | | |
| P28 | Investigative Memorandum dated 7/30/98 from Jerry Hogenmiller re: meeting Deb Ceruti | | | |
| P29 | Investigative Memorandum dated 7/31/98 from Jerry Hogenmiller re: meeting with Kelly Lennon | | | |
| P30 | Medical Cost Containment Incentive Plan for Victor Cotton for period 3/1/98 – 9/30/99 | | | |
| P31 | UM Organization Chart | | | |
| P32 | UM Operating Plan dated 5/11/99 | | | |
| P33 | Certificates, Recognitions, Awards, Achievements and goodbye notes | | | |

| | | | | | |
|---|---|---|---|---|---|
| P34 | Personnel file for Danette Mandella (not yet supplied by Defendant)[2] | | | | |
| P35 | Personnel file for Pat Casey (not yet supplied by Defendant)[2] | | | | |
| P36 | Personnel file for Peggy Wetzel (not yet supplied by Defendant)[2] | | | | |
| P37 | Personnel file for Jill Guffey (not yet supplied by Defendant)[2] | | | | |
| P38 | All Three Rivers' files which relate to Dr. Cotton (in the depositions, various employees discussed files regarding Dr. Cotton) (not yet supplied by Defendant)[2] | | | | |
| P39 | Hospital contracts and all communication with regard to these contracts, renegotiations and issues or problems arising out of the relationship between these hospitals and Three Rivers (not yet supplied by Defendant)[2] | | | | |

2    These items were originally requested in Plaintiff's Request for Production of Documents. Defendant objected on the basis of "relevancy." Follow up letters were sent on 8/7/01 and 10/17/01 requesting these items again. Plaintiff has not received a response to these letters.

| | |
|---|---|
| P40 | Provider contracts (not yet supplied by Defendant) [2] |
| P41 | Files with regard to the investigation conducted by Mr. Hogenmiller (not yet supplied by Defendant) [2] |
| P42 | DPW records (in the Case management Order, Three Rivers agree to produce these documents) (not yet supplied by Defendant) [2] |
| P43 | All documents criticizing Dr. Cotton and his performance as a Medical Director for Three Rivers (not yet supplied by Defendant) [2] |
| P44 | All job descriptions for Dr. Cotton's role as Medical Director, whether such description was produced internally by Three Rivers or by an outside entity (e.g., DPW). (not yet supplied by Defendant)[2] |
| P45 | Timeline of significant events during Plaintiff's employment |
| P46 | State filings |
| P47 | DPW regulations |

## <u>INDEX</u>

### <u>EXHIBIT P13 - DOCUMENTS PRODUCED BY DEFENDANT IN RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS</u>

(1)   1                Letter from Beverly Ludlum to Dr. John Talbot dated January 4, 1999

(2)   2                Memo from Cotton re: Jill Guffey dated December 10, 1998

(3)   3-4              Memo from Cotton re: Jill Guffey dated November 24, 1998

(4)   5-21             Stock Option Agreement

(5)   22-23            TRHP UM Operating Plan of May 11, 1999

(6)   24               UM Organization Chart

(7)   25-30            Memo from Lawson to Cotton dated September 29, 1998

(8)   31-44            Stock Option Agreement

(9)   45-73            Stock Option Agreement

(10)  74-78            Memos and email from Lawson to "Warren" dated March 18, 1999; from Carmichael to Cotton dated April 15, 1999; and from Carmichael and Cotton to Lawson dated April 20, 1999

(11)  79-80            Fax with signature page to Stock Option Agreement

(12)  82               Memo from Carmichael to Cotton and signed on December 10, 1998

(13)  81               Memo from Carmichael to Cotton dated December 1, 1998

(14)  83-88            Memo from Lawson to Cotton dated September 29, 1998

(15)  89-97            Memo from Lawson to Cotton dated September 14, 1998

(16)  98               Memo from Carmichael to Cotton dated November 24, 1997

(17)  99-107           Memo from Lawson to Cotton dated September 14, 1998

(18)  108              Memo from Carmichael to Cotton dated December 1, 1998

(19)  109-114          Memo from Lawson to Cotton dated September 29, 1998

| (20) | 115-123 | Memo from Lawson to Cotton dated September 14 1998 |
| (21) | 124 | Signed memo from Carmichael to Cotton dated November 24, 1997 |
| (22) | 125-141 | Stock Option Agreement |
| (23) | 142 | Memo from Carmichael to Cotton dated December 1, 1998 |
| (24) | 143 | Team Member Bonus Plan Evaluations |
| (25) | 144 | TRHP Quarterly Bonus Plan Evaluation dated May 6, 1999 |
| (26) | 145 | TRHP Quarterly Bonus Plan Evaluation dated March 4, 1999 |
| (27) | 146-155 | TRHP Employee Handbook excerpts |
| (28) | 156-165 | TRHP Corporate Policy |
| (29) | 166 | Memo from Jill Guffey |
| (30) | 167 | Letter from Jill Guffey to Cotton dated December 10, 1998 |
| (31) | 168-173 | Memo from Pat Casey |
| (32) | 174-192 | TRHP Organizational Charts |
| (33) | 193 | Memo from Beverly Ludlum to Carmichael and Lawson dated May 18, 1999 |
| (34) | 194 | Memo to file from Carmichael dated April 9, 1999 |
| (35) | 195 | Memo to file from Carmichael dated May 6, 1999 |
| (36) | 196 | Memo to file from Carmichael dated May 10, 1999 |
| (37) | 197-199 | Memo by Cotton dated April 5, 1999 |
| (38) | 200-205 | Memo by Pat Casey |
| (39) | 206-207 | Email by Cotton to Pat Casey dated April 2, 1999 |
| (40) | 208-211 | Memo to file from Carmichael dated May 12, 1999 |
| (41) | 212-213 | Memo to file from Carmichael dated April 8, 1999 |
| (42) | 214 | Memo to file dated April 9, 1999 |

2

(43)    215          Memo of May 25, 1999

(44)    216          Memo of May 27, 1999

(45)    217          Talking Points with Vic

(46)    218          Talking Points with Others

(47)    219          Talking Points with DPW

(48)    220          Cotton's resignation letter to Carmichael dated May 26, 1999

(49)    221          Memo from Carmichael to Cotton dated May 13, 1999

(50)    222-225      Memo from Carmichael to Cotton dated May 12, 1999

(51)    226          Memo from Leslie Gelpi to Carmichael dated February 9, 1999

(52)    227          Fax memo from Steve Handy to Leslie Gelpi dated February 4, 1999

(53)    228-229      Letter from PNC to Uniontown Hospital dated January 28, 1999

(54)    230-232      Letter from Uniontown Hospital to Cotton dated November 25, 1998

(55)    233-236      Letter from Uniontown Hospital to Cotton dated October 5, 1998

(56)    237-242      Memo by Pat Casey

(57)    243-244      TRHP comments to UM managers by Carmichael dated April 28, 1999

(58)    245          Memo from Carmichael to Cotton dated May 13, 1999

(59)    246          Memo from Carmichael to everyone dated February 10, 1999

(60)    247-248      Memo from Cotton to Lawson dated September 1, 1998

(61)    249-250      Memo from Cotton to Jerry Hogenmiller dated July 22, 1998

(62)    251          Letter from Jerry Hogenmiller to Carmichael dated July 22, 1998

(63)    252          Memo to Beverly Ludlum from Cotton dated July 4, 1998

(64)    253          Memo to Carmichael from Leslie Gelpi dated February 9, 1999

(65)    254          Letter from PRPO, P.C. to Pa. Department of Health dated May 10, 1999

(66) 255-256    Memo to file from Carmichael dated February 19, 1999

(67) 257    Email to Carmichael from Cotton dated February 1, 1999

(68) 258-259    Memo to file from Carmichael dated February 19, 1999

(69) 260-261    Email to Carmichael and Lawson from Cotton dated February 19, 1999

(70) 262    Memo to Carmichael from Leslie Gelpi dated February 9, 1999

(71) 263    Fax to Leslie Gelpi from Steve Handy dated February 4, 1999

(72) 264-266    Letter to Cotton from Steve Handy dated November 25, 1998

(73) 267-269    Letter from Cotton to Steve Handy dated November 11, 1998

(74) 270-273    Cotton's comments on County by County Profit and Loss Statements dated October 9, 1998

(75) 274-275    Missing

(76) 276    Written consent of Stock Purchase Agreement

(77) 277    Memo to Beverly Ludlum from Carmichael dated January 29, 1998

(78) 278-280    Cotton Compensation Analysis dated November 23, 1998

(79) 281-298    Memo to Leslie Gelpi from Carmichael dated July 21, 1998

(80) 299    Memo to Cotton from Carmichael dated November 24, 1997

(81) 300-303    TRHP Medical Cost Containment Incentive Plan dated November 11, 1997

(82) 304-309    Letter from Carmichael to Mandella

(83) 310-311    Memo from Carmichael re: Mandella conduct

(84) 312-313    Memo from Carmichael re: Mandella/UM Department

(85) 314    Handwritten notes dated August 20, 1998 TC from D

(86) 315    Letter dated August 19, 1998 from Hogenmiller to Mandella

(87) 316    Handwritten notes dated August 18, 1998 CFD

(88)  317          Memo from Lawson to Hogenmiller dated August 17, 1998

(89)  318          Letter dated August 6, 1998 from Hogenmiller to Asay

(90)  319          Handwritten notes dated August 6, 1998 - TC Casey

(91)  320-321      Handwritten notes dated August 6, 1998 - TC Shogan

(92)  322          Handwritten notes dated August 5, 1998 - TC from D

(93)  323          Letter from Hogenmiller to Lawson

(94)  324-325      Handwritten notes dated August 3, 1998

(95)  326          Letter from Hogenmiller to Lawson dated July 27, 1998

(96)  327          Memo dated July 23, 1998 re: TC with Danette

(97)  328          Letter frm Hogenmiller to Carmichael

(98)  329-330      Letter dated July 22, 1998 from Cotton to Hogenmiller

(99)  331-332      Letter dated July 22, 1998 from Cotton to Hogenmiller (with notation)

(100) 333-334      Memo to Carmichael re: Mandella

(101) 335          Memo from Amy Sandy re:  Mandella

(102) 336          Memo dated July 9, 1998 from Michelle Jones re: Mandella

(103) 337          Memo from Carmichael and Cotton to Ludlum re: Mandella

(104) 338          Letter dated July 13, 1998 from Carmichael to Cotton

(105) 339          Handwritten notes dated July 22, 1998

(106) 340-341      Memo dated July 24, 1998 from JHO to 10633 - harassment investigation

(107) 342          Letter dated July 13, 1998 from Carmichael to Cotton

(108) 343          Letter dated July 13, 1998 from Carmichael to Casey

(109) 344-345      Letter dated July 13, 1998 from Carmichael to Mandella

(110)  346-352   Memo dated July 29, 1998 from Hogenmiller to file re: meeting with Amy Sandy

(111)  353-354   Statement dated July 9, 1998 from Amy Sandy re: Mandella

(112)  355-357   Memo dated July 31, 1998 from Hogenmiller re: Meeting with Sonya Asay

(113)  358-365   Memo dated July 30, 1998 from Hogenmiller re: Meeting with Deb Cerutti

(114)  366   Stated dated July 24, 1998 from Debbie Cerutti re: Mandella

(115)  367-372   Memo dated July 30, 1998 from Hogenmiller re: meeting Terry Quinn

(116)  373-383   Memo dated July 29, 1998 from Hogenmiller re: meeting with Michele Jones

(117)  384-385   Statement of Michele Jones dated July 9, 1998

(118)  386-391   Memo dated July 30, 1998 from Hogenmiller re: meeting with Donna Lengel

(119)  392-396   Memo dated July 29, 1998 from Hogenmiller re: meeting with Candy Leff

(120)  397-402   Memo dated July 31, 1998 from Hogenmiller re: meeting with Kelly Lennon

(121)  403-406   Memo dated July 31, 1998 from Hogenmiller re: meeting with Norman McNany

(122)  407-408   Statement of Beverly Ludlum dated August 4, 1998

(123)  409-427   Memos dated July 24, 1998 and July 29, 1998 from Hogenmiller re: Pat Casey

(124)  428-429   Statement of Patricia Casey dated July 8, 1998

(125)  430   Email from Beverly Ludlum to everyone dated July 1, 1998

(126)  431   Letter from Carmichael to Cotton dated July 13, 1998

(127)  432   Memo to Beverly Ludlum from Cotton

(128)  433-434   Letter to Hogenmiller from Cotton dated July 22, 1998 (with notation - same as #331)

(129) 435-436    Memo to Warren Carmichael re: Mandella (attachment referred to in memo not included)

(130) 437-442    Memo dated August 17, 1998 from Hogenmiller re: meeting with Mandella

(131) 443    Email from Mandella to Cotton (blank) dated May 20, 1998 at 8:47 a.m.

(132) 444    Email from Mandella to Cotton (blank) dated May 20, 1998 at 12:48 p.m.

(133) 445    Email from Cotton to Mandella (blank) dated May 20, 1998 at 12:54 p.m.

(134) 446    Email from Mandella to Cotton (blank) dated May 20, 1998 at 12:55 p.m.

(135) 447    Multiple emails from and to Cotton and Mandella dated May 20, 1998

(136) 448    Email from Cotton to UM dated July 1, 1998 re: Dress for July 2, 1998 (same as #430)

(137) 449-464    Memo dated July 15, 1998 from Hogenmiller re: Meeting with Mandella

(138) 465-481    Memo dated July 15, 1998 from Hogenmiller re: Meeting with Mandella (with notations)

(139) 482    Handwritten notes dated August 23, 1999 re: TF John Donovan

(140) 483-501    Memos dated July 22, 1998 and July 23, 1998 from Hogenmiller re: meeting with Cotton

(141) 502-503    Three Rivers UM Operating Plan dated May 11, 1999

(142) 504    UM Organizational Chart

(143) 505-507    Letter dated April 5, 1999 from Cotton re: Pat Casey

(144) 508-513    Notes dated February 19, 1999 - April 5, 1999 from Pat Casey

(145) 514-515    Memo dated April 8, 1999 from Carmichael to file re: Cotton meeting

(146) 516-517    Handwritten notes from meeting with Cotton dated April 7, 1999

(147) 518    Email dated February 1, 1999 from Cotton to Carmichael re: Pharmacy director

(148) 519-520    Memo dated February 19, 1999 from Carmichael to file re: Cotton

(149) 521    Memo dated February 9, 1999 from Gelpi to Carmichael re: Steve Handy

(150)  522          Handwritten notes dated April 6, 1999 re: Mark Richards

(151)  523          Handwritten notes dated April 6, 1999 re: Pat Casey

(152)  524-526      Letter dated April 5, 1999 from Cotton re: Pat Casey

(153)  527-532      Notes dated February 19, 1999 to April 5, 1999 from Pat Casey

(154)  533-534      Email dated April 2, 1999 from Cotton to Casey and Asay to Sandy

(155)  535-536      Email dated April 2, 1999 from Cotton to Casey and Asay to Sandy (same as #533-534)

(156)  537-539      Letter dated April 5, 1999 from Cotton re: Pat Casey (same as #524-526)

(157)  540          Memo dated April 9, 1999 from Carmichael to file re: Casey

(158)  541          Memo dated May 6, 1999 from Carmichael to file re: Casey

(159)  542          Memo dated May 10, 1999 from Carmichael to file re: Casey

(160)  543          Internal memo dated May 18, 1999 from Ludlum to Carmichael

(161)  544-547      Memo dated May 12, 1999 from Carmichael to file re: Cotton

(162)  548-550      Letter dated April 5, 1999 from Cotton re: Casey (w/notations)

(163)  551-556      Notes dated February 19, 1999 to April 5, 1999 from Pat Casey (with notations)

(164)  557-558      Email dated April 2, 1999 from Cotton to Casey and Asay to Sandy (same as #533-534)

(165)  559-560      Memo dated April 8, 1999 from Carmichael to file re: Cotton

(166)  561          Memo dated April 9, 1999 from Carmichael to file re: Casey

(167)  562-567      Noted dated February 19, 1999 to April 5, 1999 from Pat Casey

(168)  568-569      Memo dated April 8, 1999 from Carmichael to file re: Cotton

(169)  570-571      Handwritten notes dated April 7, 1999 re: meeting with Cotton

(170)  572-656      Three Rivers Team Member Handbook

(171)  657-694        Documents missing

(172)  695-697        Letter dated April 5, 1999 from Cotton re: Casey (*duplicate)

(173)  698-703        Notes dated February 19, 1999 to April 5, 1999 from Pat Casey (*duplicate)

(174)  704-1042       TRHP Health Choice Contracts

(175)  1043-1827      TRHP and DPW Voluntary Contract - April 1, 1997 - March 31, 1999

(176)  1828-2702      TRHP and DPW Voluntary Contract - April 1, 1999 - March 31, 2000

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR R. COTTON, | : | |
| Plaintiff | : | Civil Action No. 1:CV-00-1709 |
| | : | |
| v. | : | Judge Kane |
| | : | |
| THREE RIVERS HEALTH PLANS, INC., | : | |
| a Corporation, and WARREN | : | |
| CARMICHAEL, | : | |
| Defendants | : | |

### PLAINTIFF'S LIST OF WITNESSES

Plaintiff, Victor R. Cotton, hereby discloses the following witnesses he may call at the trial of this case. [1]

1.    Dr. Victor Cotton, 1350 Windham Road, Hummelstown, PA, 17036.

2.    Joy Cotton, 1350 Windham Road, Hummelstown, PA, 17036.

3.    Jill Guffy, address unknown at the present time.

4.    Pat Casey, address unknown at the present time.

5.    William Lawson, Three Rivers Health Plans, 300 Oxford Drive, Monroeville, PA, 15146.

6.    Dr. N. Mark Richards, Medical Director or Assistant Medical Director, Three Rivers Health Plans, 300 Oxford Drive, Monroeville, PA, 15146.

7.    Dr. Richard Happ, address unknown at the present time.

8.    Mr. Anthony Horbal, 132 Gerry Lane, Johnstown, PA, 15904.

9.    Mr. Warren Carmichael, CEO, Three Rivers Health Plans, 300 Oxford Drive, Monroeville, PA, 15146.

---

[1]    Plaintiff reserves the right to supplement this list as allowed by the applicable rules of orders of the Court. Plaintiff is disclosing all potential witnesses, but it reserves the right to elect not to call any of those listed.

**EXHIBIT**

"B"

10.    Dr. Mary Mihalyo, Pharmacy Director, 128 Jackson Drive, Steubenville, Ohio, 42593.

11.    Beverly Ludman, Human Resources, Three Rivers Health Plans, 300 Oxford Drive, Monroeville, PA, 15146.

12.    Donna Lengle, UM Director, Three Rivers Health Plans, 300 Oxford Drive, Monroeville, PA, 15146.

13.    James Hancovsky, Pharmacy Director, Three Rivers Health Plans, 300 Oxford Drive, Monroeville, PA, 15146.

14.    Scott Markovich, Three Rivers Health Plans, 300 Oxford Drive, Monroeville, PA, 15146.

15.    Louis Perry, Three Rivers Health Plans, 300 Oxford Drive, Monroeville, PA, 15146.

16.    Charles I. Artz, Esquire, 207 State Street, Harrisburg, PA, 17101.

17.    David Thomas, Three Rivers Health Plans, 300 Oxford Drive, Monroeville, PA, 15146.

18.    Anna Paglia, 1035 ½ Butler Avenue, New Castle, PA, 16101.

19.    Dana Barras, 248 Mabrick Avenue, #7, Pittsburgh, PA, 15228.

20.    Kelly Lennon, Chislett Street, Pittsburgh, PA, 15206.

21.    Amy Sandy, 525 S. Braddock Avenue, Pittsburgh, PA, 15221.

22.    Deanna Braksator, Three Rivers Health Plans, 300 Oxford Drive, Monroeville, PA, 15146.

23.    Mark McKenna, Three Rivers Health Plans, 300 Oxford Drive, Monroeville, PA, 15146.

24.    Sue Yusavage, Three Rivers Health Plans, 300 Oxford Drive, Monroeville, PA, 15146.

25.    Terry Quinn, 1014 Marjorie Avenue, Latrobe, PA, 15650.

26.    Debra Cerutti, 685 North Avenue, Pittsburgh, PA, 15202.

27.    John Donovan,

28.    Diane Laurent, 442 Braisen Road, Southport, CT, 06490.

29.    Lori Shields, 145 Beech Lane, Indiana, PA, 15701.

30.    Nancy Klimon, Three Rivers Health Plans, 300 Oxford Drive, Monroeville, PA, 15146.

31.    Denise Romero, Three Rivers Health Plans, 300 Oxford Drive, Monroeville, PA, 15146.

32.    Brenda Kehler, Three Rivers Health Plans, 300 Oxford Drive, Monroeville, PA, 15146.

33.    Keith Cameron, Three Rivers Health Plans, 300 Oxford Drive, Monroeville, PA, 15146.

34.    Tom Clark

35.    Gary Weinstein, c/o Washington Hospital, 155 Wilson Avenue, Washington, PA, 15301.

36.    Robert Mount Joy, c/o Cornerstone Care, 7 Glassworks Road, Greensboro, PA, 15338.

37.    Jack Laeng, c/o Primary Health Net, 2120 Likens Lane, Carrell, PA, 16121.

38.    Daniel Sacco, c/o Western Pennsylvania Hospital, 4800 Friendship Avenue, Pittsburgh, PA, 15224.

39.     Wilford Payne, c/o Alma Illery Medical Center, 7277 Hamilton Avenue,

Pittsburgh, PA, 15208.

40.     Matthew Liberti, c/o Mercer County Hospital, 740 East State Street, Sharon, PA,

16146.

41.     Doug Lehman, Esquire,

42.     Representatives of the Federal Bureau of Investigation.

43.     Representatives of the Pennsylvania Attorney General's Office.

44.     Representatives of the Pennsylvania Department of Public Welfare.

45.     Records custodian of Three Rivers Health Plans, 300 Oxford Drive, Monroeville,

PA, 15146.

Respectfully submitted,

HAGGERTY LAW FIRM

By:_____
        William E. Haggerty, Esquire
        Co-counsel for Plaintiff
        Attorney I.D. No. 23845
        240 North Duke Street
        Lancaster, PA  17602
        (717) 397-3200