2 Gt

63

2/21/0



FILED

FEB 2 0 2002

HARRISBURG, PA    DEPUTY CL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VICTOR R. COTTON,           :      No. 1:CV-00-1709
      Plaintiff,           :
                    :      Judge Kane
*vs.*                       :
                    :
THREE RIVERS HEALTH PLANS, :
INC., a corporation,        :
      Defendant.           :

## DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION IN LIMINE

Defendant Three Rivers Health Plans, Inc. ("Three Rivers"), hereby offers its reply brief in support of its motion *in limine.*

### A.    *Untimely Witness Disclosure*

Dr. Cotton's response to Three Rivers' *in limine* motion regarding untimely witness disclosure is two-fold: first, he mischaracterizes correspondence among counsel and, second, he implicitly asks the Court to ignore the requirements of the rules.

As a threshold matter, Dr. Cotton concedes by his silence on the matter that he did not properly and timely disclose the majority of those he now proposes to

call as trial witnesses.    Three Rivers provided the Court with Dr. Cotton's discovery responses, and there can be no dispute about his failure to identify most of the persons now included on his witness list.

Dr. Cotton's first response to this unambiguous failure to timely disclose witnesses is to point to correspondence among counsel (most of it pre-litigation and transmitted for purposes of settlement).    Dr. Cotton has attached that correspondence, and the Court need only briefly review it to see that Dr. Cotton has mischaracterized it.    For example, Dr. Cotton points to a letter his former counsel sent to Three Rivers' counsel more than a year before litigation began in which Dr. Cotton's counsel included a list of some 50 persons whose depositions might be taken were litigation to occur.    *See* Letter of June 14, 1999, from Douglas P. Lehman to David W. Thomas (Exhibit "A" to Dr. Cotton's opposition brief). The letter (with its threat of protracted discovery) does not in any sense suggest that those persons would be trial witnesses.

Dr. Cotton then points to a 22-page letter from his former counsel (sent 11 months before Dr. Cotton began this litigation).    Again, that letter does not in any sense identify trial witnesses (indeed, it does not even identify potential deposition witnesses).    Instead, it simply argues Dr. Cotton's view of the case.[1]

While Three Rivers could review in detail the remaining exhibits to Dr. Cotton's opposition brief, it need not do so.    Dr. Cotton does not even suggest that any of those documents discloses the identities of trial witnesses.[2]

---

[1]    Three Rivers notes that Dr. Cotton has presented to the Court two letters that were transmitted for purposes of settlement.    Such letters are inadmissible.  Fed. R. Evid. 408.

[2]    Dr. Cotton's opposition brief incorrectly asserts that Diane Laurent and Robert Mount Joy are employees of Three Rivers.  In fact, neither are or have ever been employees of Three Rivers.

Moreover, when Dr. Cotton served his interrogatory responses on May 9, 2001, his response to an interrogatory that asked that he identify "each witness Plaintiff will call at the trial of this case . . ." was to list only himself and promise a supplement that he never made. Dr. Cotton's implicit suggestion that he somehow properly disclosed the witnesses challenged in Three Rivers' *in limine* motion is belied both by his own discovery responses and by the correspondence to which he now points.

Dr. Cotton suggests that his failure to timely disclose witnesses was somehow harmless. He ignores the fact that his (unexplained) delay prevented Three Rivers from taking discovery of more than a dozen persons he now proposes to offer as trial witnesses.[3] Requiring a party to cross-examine more than a dozen witnesses whose testimony will come as a surprise would undeniably be prejudicial.

FRCP 37(c)(1) mandates that a party not be allowed to offer evidence not properly disclosed unless that failure was "substantially justified" or harmless. The burden of proving substantial justification or harmlessness rests squarely on Dr. Cotton. *See Stallworth v. E.Z. Serve Convenience Stores*, 199 F.R.D. 366 (M.D. Ala. 2001). Dr. Cotton has admitted that he did not make proper disclosures. He has made no effort to suggest "substantial justification." And he has ignored the clear prejudice his unexplained failure to comply with the rules would impose on Three Rivers if Dr. Cotton is allowed to call more than a dozen

---

[3]    Dr. Cotton's offer to allow Three Rivers to take depositions of those witnesses more than four months after the close of discovery was hardly a cure. Discovery in this case was extensive. Three Rivers had no obligation to agree to re-open discovery simply because Dr. Cotton failed to comply with the rules. Three Rivers also notes that the Court extended the discovery period at Dr. Cotton's request, but he still failed to make a timely disclosure.

witnesses who were not disclosed during the time when Three Rivers could have explored their knowledge.[4]

The Court should grant this motion and prohibit Dr. Cotton from offering any witnesses he did not timely disclose during discovery.[5]

### B.    Irrelevant "Character References"

In its *in limine* motions, Three Rivers asked that the Court preclude any evidence of the opinions of other Three Rivers' employees regarding Dr. Cotton's performance and his character.  As Three Rivers argued in its principal brief, the issue in employment litigation such as this is not the *accuracy* of the employer's reasons, but their sincerity.  *See DeJarnette v. Corning, Inc.,* 133 F.3d 293, 299 (4th Cir. 1998) (it is not the court's role to decide if the employer's articulated legitimate reason was "wise, fair, or even correct, ultimately so long as it truly was the reason for the plaintiff's termination.").

In his opposition brief, Dr. Cotton simply ignores this statement of the proper legal standard.   He admits that his only purpose in introducing such

---

[4]    Three Rivers notes as well that Dr. Cotton has indicated an intention to call as many as 45 witnesses at trial, but that he expects the trial to last no more than two or three days.  It is not appropriate for Dr. Cotton to list 45 witnesses and leave Three Rivers to guess which he will actually call.  By contrast, Three Rivers listed nine witnesses.

[5]    While Three Rivers does not wish to unduly focus on collateral matters, it notes that Dr. Cotton's failure to timely disclose trial witnesses is part of a pattern in which he ignores the Federal Rules of Civil Procedure and the local rules of this Court.  As the Court will recall, Dr. Cotton failed to timely respond to Three Rivers' discovery requests such that the Court ultimately entered an order compelling such disclosure on May 8, 2001.  Similarly, Dr. Cotton has routinely ignored this Court's local rules regarding brief formatting and citation to unpublished opinions (M.D. Pa. LR5.1 and 7.8).  Moreover, while Three Rivers recognizes that the Court's stay order modified Dr. Cotton's time for opposing the *in limine* motion, it is noteworthy that, excluding the time when the stay was in effect, Dr. Cotton took more than double the time the local rules allow for such opposition (M.D. Pa. LR7.6).

evidence is to challenge in an objective sense his supervisors' evaluations of his performance and to show that he was "well-liked" by certain co-workers, mostly subordinates. But neither of those is at issue in this trial. The question is whether Three Rivers' senior executives terminated Dr. Cotton *because* of some legally protected conduct in which he engaged or because of their perception that his performance was unacceptable. As courts have explained, the subjective views of the plaintiff's former co-workers are irrelevant to that inquiry. *DeJarnette,* 133 F.3d at 299. Dr. Cotton seeks to make this trial a referendum on the wisdom of his termination. *See Ezold v. Wolf, Block, Schorr & Solis-Cohen,* 983 F.2d 509, 528 (3d Cir. 1992) ("[p]retext is not established by virtue of the fact that an employee has received some favorable comments in some categories or has, in the past, received some good evaluations."). The Court should reject that effort. The *only* issue for trial is whether Dr. Cotton was terminated in violation of the policy enunciated in 40 P.S. 991.2113(c). Any evidence unrelated to that specific topic is irrelevant, invites the jury to render a verdict on an improper basis and wastes the Court's time.

The Court should preclude evidence of how other Three Rivers employees evaluated Dr. Cotton's performance or character.

## C.    *Evidence of Personal Relationships Among Other Three Rivers Employees*

Dr. Cotton has agreed that evidence of sexual relationships among employees of Three Rivers is irrelevant and, so, that issue is resolved. Three Rivers notes, however, that there is a related issue that remains relevant. As discussed in Three Rivers' motion for summary judgment, Dr. Cotton admits to having made certain sexually related remarks to a co-worker. To the extent those remarks contributed to Three Rivers' decision to terminate Dr. Cotton, they are

5

relevant (that said, Three Rivers reiterates that it does not allege that Dr. Cotton engaged in any improper sexual relationships with co-workers). [6]

Therefore, Three Rivers respectfully requests that the Court grant this motion and enter a pretrial order *in limine* precluding Dr. Cotton from offering testimony from any witness not disclosed before the close of discovery on August 17, 2001; precluding Dr. Cotton from offering testimony from the two witnesses who were untimely disclosed on August 14, 2001; precluding Dr. Cotton from offering evidence of the assessments of his job performance by non-management employees of Three Rivers; and precluding Dr. Cotton from offering evidence related to allegations of romantic or sexual relationships among other Three Rivers employees.

KIRKPATRICK & LOCKHART LLP

Mark A. Rush
David R. Fine
240 North Third Street
Harrisburg, PA  17101
(717) 231-4500

*Counsel for Defendant*

February 20, 2002

---

[6]    Dr. Cotton's response unfortunately misconstrues Three Rivers' motion *in limine,* which was explicitly limited to seeking the exclusion of evidence about romantic or sexual relationships between "other" Three Rivers' employees.  In his response, Dr. Cotton mis-characterized that motion as seeking the exclusion of such evidence as regards relationships between "any" Three Rivers' employees. For whatever reason, Dr. Cotton chose not to file a motion *in limine* and he should not be permitted to cure that failure, in the guise of responding to Three Rivers' motion, to recast that motion, by expanding the scope of evidence Three Rivers seeks to exclude and then agreeing to that more expansive request.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on February 20, 2002, I served a true and correct copy of the foregoing brief on the following by Telecopier and U.S. Mail.

William E. Haggerty, Esq.
240 North Duke Street
Lancaster, PA  17602

David R. Fine