## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR R. COTTON, | : | |
| Plaintiff | : | Civil Action No. 1:CV-00-1709 |
| | : | |
| v. | : | Judge Kane |
| | : | |
| THREE RIVERS HEALTH PLANS, INC., | : | |
| a Corporation, and WARREN | : | |
| CARMICHAEL, | : | |
| Defendants | : | |



FILED
FEB 2 1 2002
PER _____
HARRISBURG, PA  DEPUTY CL

### PLAINTIFF'S RESPONSE TO MOTION IN LIMINE RAISED IN DEFENDANT'S PRE-TRIAL MEMORANDUM

In section "K" of Defendant's Pre-Trial Memorandum, Defendant requests for the first time that this Court consider issues in limine. First, Defendant requests that this Court make a pre-trial determination that Dr. Cotton was not a "health care provider" as defined by Pennsylvania's "medical gag clause prohibition", 40 P.S. 991.2113(c). Second, Defendant requests that this Court make a pre-trial determination that none of Dr. Cotton's activities were governed by Section 991.2113(c).

The public policy Plaintiff relies upon to maintain a cause of action for wrongful discharge is Pennsylvania's "medical gag clause prohibition", 40 P.S. 991.2113(c), which states that:

> "No managed care plan shall terminate the employment of or contract with a healthcare provider for any of the following reasons: (1) advocating for medically necessary and appropriate health care consistent with the degree of learning and skill ordinarily possessed by a reputable health case provider practicing according to the applicable legal standard of care, reasonably…(3) protesting a decision, policy or practice that the health care provider, consistent with the degree of learning and skill ordinarily possessed by a reputable health care provider practicing according to the applicable legal standard of care, reasonably believes interferes with the health care provider's ability to provide medically necessary and appropriate care."

Under the definition of a "health care provider" in 40 P.S. 991.2111 which defines a "health care provider" as a "person who is **licensed**, certified or otherwise regulated to provide

health care services under the laws of this Commonwealth, including a **physician**...." Id. The "medical gag clause prohibition" is applicable to Dr. Cotton because he is a licensed physician.

Moreover, Dr. Cotton was "[a]dvocating for medically necessary and appropriate health care" and he was "[p]rotesting a decision, policy or practice" that he thought "interfere[d] with the health care provider's ability to provide medically necessary and appropriate health care" so that his activities were protected by 40 P.S. 991.2111(c). The way in which Dr. Cotton was doing so was protesting Defendant's violation of patient care by allowing a drug impaired pharmacist (Jill Guffy) to make life sustaining patient decisions, by protesting Defendant's allowing Carmichael (an accountant) to make patient care decisions and intentionally understaff necessary for the proper delivery of health care, and protesting Defendant's improperly disenrolling organ transplant recipient candidates. All of Dr. Cotton's activities protesting the conduct of Defendant were instances where Dr. Cotton was "advocating for medically necessary and appropriate health care" as defined by 40 P.S. 991.2111(c).

Respectfully submitted,

HAGGERTY LAW FIRM

By: _____
William E. Haggerty, Esquire
Co-counsel for Plaintiff
Attorney I.D. No. 23845
240 North Duke Street
Lancaster, PA  17602
(717) 397-3200

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a true and correct copy of the foregoing document upon the person(s) and in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure.

### SERVICE BY HAND DELIVERY ADDRESSED AS FOLLOWS:

David R. Fine, Esquire
Kirkpatrick & Lockhart
240 North Third Street
Harrisburg, PA  17101-1507


DATED:  February 21, 2002

HAGGERTY LAW FIRM

By: _____
William E. Haggerty, Esquire
Attorney I.D. No. 23845
Attorney for Plaintiff
P.O. Box 1527
Lancaster, PA 17608-1527
(717) 397-3200