IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR R. COTTON, | : | No. 1:CV-00-1709 |
| Plaintiff, | : | |
| | : | Judge Kane |
| vs. | : | |
| | : | |
| THREE RIVERS HEALTH PLANS, | : | |
| INC., a corporation, | : | |
| Defendant. | : | |

**DEFENDANT'S PROPOSED POINTS FOR CHARGE**

1. You have heard a number of witnesses testify. One of your important tasks is to judge the credibility of those witnesses. You may believe all, some or none of what a witness has told you. If you conclude that a witness has testified falsely about a matter of consequence in the case, you may decide that the witness' testimony about other things should not be believed.

*Lobozzo v. Adam Eidemiller, Inc.*, 263 A.2d 432, 435 (Pa. 1970).

2. In evaluating the evidence, you must bear in mind that Dr. Cotton bears the burden of proving his case to you by a fair preponderance of the evidence. In other words, in order for you to find in Dr. Cotton's favor on a particular point, Dr. Cotton must have proven to you that the necessary facts are more likely true than not. It is helpful to think of an ordinary balance scale. If you place the believable evidence offered by each side on opposing sides of the balance scale and that scale tips in Dr. Cotton's favor, he has met his burden of proof on that point. However, if the scale tips toward Three Rivers' version of events, or if the evidence seems equally balanced, Dr. Cotton has not met his burden of proof on that point.

It is important for you to remember that the issue is the credibility or believability of the evidence, not the amount of evidence or the number of witnesses.

*Soda v. Baird*, 600 A.2d 1274, 1278 (Pa. Super. 1991).

3.  Dr. Cotton alleges that Three Rivers wrongfully discharged him in violation of the public policy of Pennsylvania as described in a statute known as the Medical Gag Clause Prohibition.

The Medical Gag Clause Prohibition provides that no managed care plan may terminate the employment of a health-care provider for any of the following reasons: advocating for medically necessary and appropriate health care consistent with the degree of learning and skill ordinarily possessed by a reputable health care provider practicing according to the applicable legal standard of care *or* protesting a decision, policy or practice that the health-care provider, consistent with the degree of learning and skill ordinarily possessed by a reputable health care provider practicing according to the applicable legal standard of care, reasonably believes interferes with the health care provider's ability to provide medically necessary and appropriate health care.

That statute has a number of sub-parts, and I will describe each of them for you because they are important to your consideration. As I instructed you earlier, because Dr. Cotton has the burden of proving his case to you, he must prove each of these sub-parts to you by a preponderance of the evidence. If he has not done so, he has not met his burden and your verdict should be for Three Rivers.

40 P.S. § 991.2113(c).

4.    As you heard, the statute only protects "health care providers." The Pennsylvania General Assembly has given that phrase a special meaning in the context of this law.

In order to meet his burden of proof, Dr. Cotton must have proven to you that he was a "health care provider" as the legislature defined that term. To be a "health care provider" under the law at issue in this case, a person must be a licensed physician who provides "health care services." The law also defines "health care services." "Health care services" are covered treatments, admissions, procedures, medical supplies and equipment or other serves provided to an enrollee under a managed care contract. Thus, to be a "health care provider," Dr. Cotton would have to have provided such health care services to plan enrollees. If Dr. Cotton has met his burden of proving to you that he was a "health care provider" as defined by the law, you should consider the next issue I will describe to you. If Dr. Cotton has not met that burden, your verdict should be for Three Rivers.

40 P.S. § 991.2102 [Three Rivers requests this charge because the term "health care provider" has a particular meaning under the statute and Three Rivers believes it necessary that the jury consider that definition. In addition, to fall within the protection of the statute, the plaintiff must demonstrate at least two elements. The plaintiff must be a provider, as defined by the statute, who engaged in activities protected by the Section 991.2213(c), *i.e.*, advocacy for health care services, as defined by the statute. Importantly, the statute differentiates between "health care services," which presumes provision of medical treatment to a plan enrollee, and "prospective utilization review," which involves reviewing information prior to the provision of health care services in order to make a decision to approve or deny

4

payment for health care services. § 991.2102. If Dr. Cotton was performing prospective utilization review rather than providing health care services (which the evidence will demonstrate was, in fact, the case), he was not engaged in activities that are protected by Section 991.2213(c) and was not acting as a health care provider, regardless of the fact that he is a licensed physician.]

5. If Dr. Cotton has met his burden of proving that he was a "health care provider" as defined by the law, the next question you must consider is whether Dr. Cotton has proven to you that Three Rivers terminated his employment because he engaged in either of two types of conduct protected by the Medical Gag Clause Prohibition.

First, you must ask if Dr. Cotton advocated in favor of medically necessary and appropriate health care consistent with the degree of learning and skill ordinarily possessed by a reputable health care provider practicing according to the applicable legal standard of care. Let me break down that requirement for you. Dr. Cotton must first have proven to you that he advocated for some sort of medical care. Next, Dr. Cotton must have demonstrated to you that the health care for which he advocated was medically necessary. To do that, Dr. Cotton must have proven to you that a reputable health care provider practicing according to the standard of care required by the law would regard the care as medically necessary. Under Pennsylvania law, to prove that point, a plaintiff must offer expert testimony. In this case, neither party has offered any expert testimony to you and you should not consider any testimony to have been expert testimony.

The second way Dr. Cotton could meet the requirement of the statute is if he was protesting a decision, policy or practice that he believed interfered with his ability to provide medically necessary health care. For this provision to apply, you must decide that Dr. Cotton sought to provide health care to a Three Rivers enrollee and that the health care he sought to provide was the sort a reputable health care provider would have regarded as medically necessary in accordance with the legal standard of care. Finally, to prevail, Dr. Cotton must have proven to you that he was discharged from his employment because he protested such a policy.

6

Again, as I indicated earlier in these instructions, to prove what sort of health care would be medically necessary, a plaintiff is required to offer expert testimony on that point. Neither party has offered any expert testimony to you in the course of this trial.

If Dr. Cotton has met either or both of these requirements of the statute, you should continue your deliberations and consider the next matter I will describe to you. However, if Dr. Cotton has failed to prove to you that he meets either of these requirements, your verdict should be for Three Rivers.

40 P.S. § 991.2113; *Lira v. Albert Einstein Medical Center*, 559 A.2d 550, 553-54 (Pa. Super. 1989) ("As a general rule, expert testimony is required to establish the standard of reasonable medical care.").

6.  If Dr. Cotton has met his burden of proof on the issues I have described to you already, the next issue you must consider is whether Dr. Cotton has proven that Three Rivers terminated his employment *because* of his advocacy or his protest. Three Rivers asserts that it terminated Dr. Cotton for legitimate reasons related to his work performance.

It is important that you focus your attention on whether the Three Rivers executives who decided to terminate Dr. Cotton's employment sincerely believed that there were legitimate reasons for doing so that did not violate the law. In other words, it does not matter whether those beliefs were correct or whether the decision to terminate Dr. Cotton's employment was wise or even fair. The issue for your consideration is whether the Three Rivers senior managers made their decisions for unlawful reasons, not whether their reasons were good ones otherwise. In fact, the law provides that, even if Dr. Cotton did meet the requirements to be protected by the Medical Gag Clause Prohibition, his discharge was lawful if Three Rivers had separate, plausible and legitimate reasons for terminating his employment.

It is Dr. Cotton's burden to prove to you that the real reason for Three Rivers' decision was that Dr. Cotton engaged in advocacy or protest protected by the statute. If he has failed to do that, your verdict should be for Three Rivers. If Dr. Cotton has met each of the burdens I have described to you so far, you should continue your deliberations and consider the next issue I will describe to you.

*Nix v. Temple University,* 596 A.2d 1132, 1136 (Pa. Super. 1991) ("[E]ven if an important public policy is involved, a discharge of an employee is lawful if the employer has separate, plausible and legitimate reasons for so doing." ); *Walsh v. Snyder,* 441 A.2d 365 (Pa. Super. 1981) (plaintiff bears burden of proving causation); *DeJarnette v. Corning, Inc.,* 133 F.3d 293, 299 (4th Cir. 1998) (it is not

8

the court's role to decide if the employer's articulated legitimate reason was "wise, fair, or even correct, ultimately so long as it truly was the reason for the plaintiff's termination.").

7. If Dr. Cotton has met all of these burdens, you should then consider what damages, if any, to award him. Please note that the fact that I am giving you instructions regarding damages does not mean that I have reached any personal decision about the merit of Dr. Cotton's case.

A plaintiff bears the burden of proving to you what his damages are. In this case, Dr. Cotton claims that he should be awarded the wages he might have earned between the time he was discharged and now, the bonuses he might have earned between the time he was discharged and now, the stock options he might have earned had his employment continued and punitive damages. These are the only types of damages you should consider.

As I instructed you, Dr. Cotton bears the burden of proving that he in fact suffered damages and, if so, what they were. Under Pennsylvania law, if it is only speculative that Dr. Cotton actually suffered a particular sort of damages, you should not award him that type of damages.

*Cohen v. Albert Einstein Medical Center*, 592 A.2d 720, 729 (Pa. Super. 1991) (plaintiff's burden to prove damages); *see generally Pashak v. Barish*, 450 A.2d 67, 69 (Pa. Super. 1982) (no award where existence of damages is speculative).

8. If you award damages to Dr. Cotton, you must bear in mind that the law requires him to try to mitigate those damages. In other words, Dr. Cotton was required to take reasonable steps to earn alternative income after he was terminated. If you find that Dr. Cotton failed to take reasonable steps to lessen his loss of wages, you should not award to him whatever amount of lost wages he could have prevented. Let me illustrate. If Dr. Cotton could have found another job that would have paid him 80 per cent of what he earned at Three Rivers but Dr. Cotton did not reasonably attempt to find such a job, you should not award him the amount he might have earned at the other job had he reasonably attempted to obtain it.

*Cooper v. Burns,* 545 A.2d 935, 940 (Pa. Super. 1988).

        9.    Dr. Cotton also seeks punitive damages. For you to award punitive damages, Dr. Cotton must have proven to you that Three Rivers not only violated the Medical Gag Clause Prohibition, but that it did so outrageously, with either an evil motive or with recklessness disregard for Dr. Cotton's rights.

*Bannar v. Miller*, 701 A.2d 232, 242 (Pa. Super. 1997).

## **PROPOSED LIMITING INSTRUCTIONS**

[During the pretrial conference, Three Rivers raised a number of *in limine* matters for the Court's consideration. The Court indicated that it would render a decision on those matters before the start of the trial, but that Three Rivers should submit limiting instructions in the event the Court determines to allow the evidence to be offered but with such limiting instructions]

Limiting Instruction Regarding Organ Transplant Candidates

You have heard Dr. Cotton testify about his allegation that Three Rivers improperly disenrolled plan participants who became candidates for organ transplants. It is important for you to know that there is no proof that Three Rivers ever engaged in such an activity. In fact, two governmental agencies investigated those claims and determined that there was no factual basis for them.

Limiting Instruction Regarding Jill Guffy

You have heard Dr. Cotton testify about his allegation that Ms. Guffy, the pharmacy director at Three Rivers, had some form of substance-abuse impairment. It is important for you to know that there is no evidence that Ms. Guffy was actually impaired and that there is no evidence that anything Ms. Guffy did in any way affected the medical care received by any plan participant.

KIRKPATRICK & LOCKHART LLP

*signature*

Mark A. Rush
David R. Fine
240 North Third Street
Harrisburg, PA 17101
(717) 231-4500

*Counsel for Defendant*

February 25, 2002

## CERTIFICATE OF SERVICE

I hereby certify that, on January 25, 2002, I served a true and correct copy of the foregoing on the following by Telecopier and first-class United States Mail, postage-prepaid:

>William E. Haggerty, Esq.
>240 North Duke Street
>Lancaster, PA 17602

_____
David R. Fine