# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR R. COTTON, | : | No. 1:CV-00-1709 |
| Plaintiff, | : | |
| | : | Judge Kane |
| vs. | : | |
| | : | |
| THREE RIVERS HEALTH PLANS, | : | |
| INC., a corporation, | : | |
| Defendant. | : | |

**FILED**
HARRISBURG, PA
FEB 25 2002
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED POINTS FOR CHARGE

Three Rivers objects to Plaintiff's proposed jury instructions for the following reasons:

Plaintiff's Proposed Instruction Nos. 1-5

While these proposed instructions accurately describe the legal standards applied by Pennsylvania courts, they address legal issues that are for resolution by the Court rather than by the jury.

Plaintiff's Proposed Instruction No. 6

Three Rivers has no objection to the Court reading the text of the Medical Gag Clause Prohibition to the jury. However, the definition of "health care provider" in Plaintiff's proposed instruction is incomplete and invites the jury to ignore requirements of the statute (the proper citation for the definition section of the statute is 40 P.S. § 991.2102). In addition, the Court should instruct the jury regarding the proof necessary to meet the requirements of the statute (including the need for expert testimony). Three Rivers has proffered such an instruction.

Plaintiff's Proposed Instruction No. 7

Plaintiff's proposed instruction refers to "physical" injury and Dr. Cotton has not (and could not) assert a claim for physical injury. In addition, the proposed instruction refers to damages Dr. Cotton could "sustain in the future." Dr. Cotton has not sought prospective relief. Finally, the proposed instruction refers to the plaintiff as "she."

Plaintiff's Proposed Instruction No. 8

The proposed instruction seeks damages for past bonuses and stock options. Pennsylvania law mandates that damages not be awarded when the existence of those damages is speculative. *See generally Pashak v. Barish*, 450 A.2d 67, 69 (Pa. Super. 1982) (no award where existence of damages is speculative). For a jury to conclude both that Dr. Cotton would have remained at Three Rivers long enough to receive additional quarterly bonuses and for the stock options to vest, and that Dr. Cotton's performance would have merited quarterly bonuses, would be entirely speculative.

Plaintiff's Proposed Instruction No. 9

Three Rivers objects to Plaintiff's proposed instruction because it is unintelligible.

Plaintiff's Proposed Instruction No. 10

Three Rivers objects to this proposed instruction because it could only apply if Dr. Cotton were seeking prospective relief, which he is not.

Plaintiff's Proposed Instruction No. 11

Three Rivers objects to this proposed instruction on punitive damages because it misstates the standard of proof for imposition of punitive damages. Three Rivers has proffered a proper charge on that standard.

In addition, it is necessary for the Court to evaluate the evidence before even sending the question of punitive damages to the jury. Under Pennsylvania law, it is the role of the court to determine initially if the plaintiff has presented sufficient evidence from which a jury could conclude that the defendant acted "outrageously." If the court answers that question in the negative, it should not

2

submit the issue of punitive damages to the jury. *Martin v. Johns-Manville Corp.*, 494 A.2d 1088, 1098 (Pa. 1985).

                    KIRKPATRICK & LOCKHART LLP

                    _____
                    Mark A. Rush
                    David R. Fine
                    240 North Third Street
                    Harrisburg, PA  17101
                    (717) 231-4500

                    *Counsel for Defendant*

February 25, 2002

## CERTIFICATE OF SERVICE

I hereby certify that, on February 25, 2002, I served a true and correct copy of the foregoing brief on the following by first-class United States Mail, postage-prepaid:

> William E. Haggerty, Esq.
> 240 North Duke Street
> Lancaster, PA  17602

David R. Fine