IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR R. COTTON, | : |
|     Plaintiff, | :   CIVIL ACTION NO. 1:CV-00-1709 |
| v. | :   Judge Kane |
| THREE RIVERS HEALTH PLANS, INC., A Corporation, and WARREN CARMICHAEL, | : |
|     Defendants. | : |

FILED
HARRISBURG

FEB 26 2002

MARY E. D'ANDREA, CLERK
Per_____
    DEPUTY CLERK

### ORDER

Currently pending before the Court is Defendants' motion in limine. In addition, Defendants have made several requests in the nature of a motion in limine in their pre-trial memorandum. This Memorandum and Order addresses the evidentiary issues so raised.

*Trial Witnesses*

Defendants object to the testimony of trial witnesses not timely disclosed by Plaintiff pursuant to Fed. R. Civ. P. 26, and requests that this Court exclude such testimony pursuant to Fed. R. Civ. P. 37(c)(1). At the pre-trial conference, Plaintiff clarified that there are only two such potential witnesses, Amy Sandee and Kelly Lennon, and argued that because the witnesses are employees or former employees of Defendant Three Rivers, that Plaintiff was not obligated to disclose them. In fact, Defendants named Amy Sandee as a potential witness. However, Plaintiff did not disclose these potential witnesses pursuant to Fed. R. Civ. P. 26 until mere days before the close of discovery. The Court finds this to be, in effect, a violation of Rule 26. Therefore, the Court may consider imposing sanctions pursuant to Fed. R. Civ. P. 37, including the exclusion of evidence from trial. See In re TMI Litig., 193 F.3d 613, 721 (3d Cir.1999).

When determining whether sanctions are appropriate, and what sanction to impose, the Court considers the following factors:

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with a court order or discovery obligation.

Nicholas v. Pennsylvania State University, 227 F.3d 133, 148 (3d Cir. 2000). It is the Plaintiff's burden here to show that his failure to disclose these witnesses in a timely fashion was substantially justified or harmless. Tolerico v. Home Depot, 205 F.R.D. 169, 175 (M.D. Pa. 2002). However, Plaintiff has made no such showing. Plaintiff had ample opportunity to disclose these witnesses during the lengthy discovery period in this case. In fact, the Court extended discovery at Plaintiff's request. Although Plaintiff may be correct that Defendants knew or should have known of the existence of these persons, Plaintiff did not notify Defendants that these individuals possessed knowledge of events and information related to the present litigation until mere days before the close of discovery. Defendant was therefore deprived of the opportunity to interview and depose these potential witnesses, and to supplement discovery based on their testimony. The Court finds that Defendants would be prejudiced by the admission of their testimony absent additional opportunity to take discovery, and finds no reason to further delay trial. The Court will grant Defendants' motion in limine as it pertains to the trial testimony of Amy Sandee and Kelly Lennon.

***Evidence regarding Plaintiff's competency as a manager***

Plaintiff seeks to introduce evidence in the form of testimony and exhibits from co-workers and subordinates detailing his competency as a manager. Defendants object pursuant to Fed. R. Evidence 401, arguing that the issue in this case is not whether Plaintiff was a good

manager. The Court must agree. The issue is whether the decision-makers relied on improper illegal motives for terminating his employment. Thus, evidence regarding the state of mind of the decision-makers, and that otherwise bears on their evaluation of Dr. Cotton is relevant and admissible under Fed. R. Evidence 401. This will include any evidence to rebut the testimony regarding the mind set of the decision makers when they decided to terminate Plaintiff, and what they knew about Plaintiff's performance as a manager. Any other testimony or documents related to opinions or evaluations of Dr. Cotton's performance by others is irrelevant, and will be excluded pursuant to Fed. R. Evidence 401.

*Testimony regarding sexual relationships*

The parties agree that testimony regarding sexual relationships at Three Rivers is irrelevant and would be improper. The Court agrees, and further finds that only information regarding the decision-makers' knowledge about discussions Cotton may have had with employees will be admitted, if it can be shown that the decision-makers relied on this knowledge when deciding to terminate him.

*Testimony regarding Guffey, organizational structure, and disenrollment*

Defendants request that the Court exclude as irrelevant any evidence regarding Guffey's alleged impairment, the allegedly faulty organizational structure of Three Rivers, and alleged disenrollments of organ transplant patients. Plaintiff contends that evidence of Three Rivers' inadequacies in personnel, organization, and practices supports his claim of wrongful termination. To establish his claim that his at-will employment was terminated in violation of the public policy as stated in Section 991.2113, Plaintiff must show that he was terminated for:

> (1) Advocating for medically necessary and appropriate health care consistent with the degree of learning and skill ordinarily possessed by a reputable health care provider practicing according to the applicable legal standard of care.
> (2) . . . .

3

> [or] (3) Protesting a decision, policy or practice that the health care provider, consistent with the degree of learning and skill ordinarily possessed by a reputable health care provider practicing according to the applicable legal standard of care, reasonably believes interferes with the health care provider's ability to provide medically necessary and appropriate health care.

40 P.S. § 991.2113. Without having before it the precise evidence Plaintiff will offer, this Court must agree that the subject matter of the proposed testimony is indeed relevant. Relevant evidence is that evidence having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evidence 401. Here, the challenged testimony directly bears on Plaintiff's claim that he was terminated in violation of the public policy as stated in the above statute. Therefore, the Court will not exclude the contested evidence pursuant to Rule 401.

Rule 403 limits the admission of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice confusion of the issues, or misleading of the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evidence 403. Plaintiff has made no proffer of evidence, so that this Court cannot make a determination of the weight or credibility of Plaintiff's evidence on this point. The Court will make determinations pursuant to Fed. R. Evidence 403 as the issues are raised at trial.

*Miscellaneous*

Finally, Plaintiff is directed to file proposed special verdict questions and objections to Defendants' proposed special verdict questions by February 27, 2002.

**IT IS SO ORDERED.**

Yvette Kane
United States District Judge

Dated: February 26, 2002.

4