IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR R. COTTON, | : | |
| Plaintiff | : | Civil Action No. 1:CV-00-1709 |
| | : | |
| v. | : | Judge Kane |
| | : | |
| THREE RIVERS HEALTH PLANS, INC., | : | |
| a Corporation, and WARREN | : | |
| CARMICHAEL, | : | |
| Defendants | : | |

FILED
HARRISBURG

FEB 27 2002

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

WRONGFUL DISCHARGE

1.  In general, Pennsylvania does not recognize a common-law cause of action for the termination of an at-will employee. Paul v. Lankenau Hosp., 569 A.2d 346 (Pa. 1990).

    An at-will employee may be fired for good reason, bad reason, or no reason at all. Krajsa v. Keypunch, Inc., 622 A.2d 355 (Pa. Super. 1993).

    Exceptions to this rule have been recognized in only the most limited of circumstances, where discharge of at-will employees would threaten clear mandates of public policy. Clay v. Advanced Computer Applications, Inc., 559 A.2d 917 (Pa. 1989).

ACCEPTED _____   REJECTED _____   COVERED _____

2.  In order to state a cause of action for wrongful discharge based upon the public policy exception to the at-will employment doctrine, the employee must identify "a clear public policy articulated in the constitution, legislation, an administrative regulation, or a judicial decision." Hunger v. Grant Cent. Sanitation, 670 A.2d 173, 175 (Pa. Super. 1996).

A cause of action for wrongful termination of an at-will employment relationship can be sustained only "in the most limited of circumstances where the termination implicates a clear mandate of public policy." McLaughlin v. Gastrointestinal Specialists, Inc., 750 A.2d 283, 287 (Pa. 2000).

ACCEPTED _____   REJECTED _____   COVERED _____

3. The public policy at issue should be the type which "strikes at the heart of the citizen's social rights, duties and responsibilities." McGonagle v. Union Fidelity Corp., 556 A.2d 878 (Pa. Super. 1989), *allocatur denied*, 575 A.2d 115 (Pa. 1990).

ACCEPTED _____   REJECTED _____   COVERED _____

4.  The public policy exception is generally broken down into three categories: an employer cannot (1) require an employee to commit a crime; (2) prevent an employee from complying with a statutorily imposed duty; or (3) discharge an employee when a statute specifically prohibits it from doing so. Spierling v. First American Home Health Servs., Inc., 737 A.2d 1250 (Pa. Super. 1999).

ACCEPTED _____   REJECTED _____   COVERED _____

5.  An employer cannot terminate an "at-will" employee where "[the employer] is specifically prohibited from doing so by statute." Hennessy v. Santiago, 708 A.2d 1269, 1273 (Pa. Super. 1998).

ACCEPTED _____   REJECTED _____   COVERED _____

6. Pennsylvania's "medical gag clause prohibition", 40 P.S. 991.2113(c), states that:

> "No managed care plan shall terminate the employment of or contract with a healthcare provider for any of the following reasons: (1) advocating for medically necessary and appropriate health care consistent with the degree of learning and skill ordinarily possessed by a reputable health case provider practicing according to the applicable legal standard of care, reasonably...(3) protesting a decision, policy or practice that the health care provider, consistent with the degree of learning and skill ordinarily possessed by a reputable health care provider practicing according to the applicable legal standard of care, reasonably believes interferes with the health care provider's ability to provide medically necessary and appropriate care."

> 40 P.S. 991.2111 defines a "health care provider" as a "person who is **licensed**, certified or otherwise regulated to provide health care services under the laws of this Commonwealth, including a **physician**...."

ACCEPTED ____    REJECTED ____    COVERED ____

## DAMAGES  Pa. SSJI (CIV.) 6.00

7.     You must find an amount of money damages which you believe will fairly and adequately compensate the Plaintiff for all the physical and financial injury she has sustained as a result of the incident. The amount which you award today must compensate the Plaintiff completely for damages sustained in the past, as well as damages the Plaintiff will sustain in the future.

ACCEPTED _____   REJECTED _____   COVERED _____

## DAMAGES, Pa. SSJI (CIV.) 6.01

8.  Damages recoverable by the Plaintiff in this case and the items that go to make them up, each of which I will discuss separately, are as follows:

        a.        Loss of past earnings;

        b.        Loss of past bonuses;

        c.        Loss of 3% stock option;

        d.        Punitive damages.

ACCEPTED _____   REJECTED _____   COVERED _____

## PAST LOSS OF EARNINGS, Pa. SSJI (CIV.) 6.01C

9.      The Plaintiff is entitled to be compensated for the amount of earnings that he has lost up to the time of the trial as the result of her injuries. This amount is the difference between what he probably could have earned, but for the harm and any less sum which he actually earned in any employment. Platt v. Stein, 298 Pa. Super. 92, 133-134, 444 A.2d 674, 696 (1982).

ACCEPTED _____   REJECTED _____   COVERED _____

## ONLY ONE RECOVERY

10. Under our system of law, an injured person is allowed to come to Court only once to recover for his injuries. All damages, past, present and future must be determined in this one action. The Plaintiff cannot return at a later date to request further or additional damages because of a change in circumstances. <u>Schwegel v. Goldberg</u>, 209 Pa. Super. 280, 228 A.2d 405 (1967).

ACCEPTED _____   REJECTED _____   COVERED _____

## PUNITIVE DAMAGES

11.     Should you determine that the Plaintiff has sustained actual damage as a result of the Defendant's wrongful conduct, then, provided you find that the Defendant's actions deserve it, you may award such additional damages as you see fit for the purpose of punishing, and making an example of the Defendant.

This award, known to the law as punitive or exemplary damages, is justified if you find the Defendant to have acted with malice (or other wrongful mental state). Kennard v. Louis Zimmer Communications, Inc., 632 F. Supp. 635 (E.D. Pa. 1986).

ACCEPTED _____   REJECTED _____   COVERED _____

**MISCELLANEOUS**

DEPOSITION TESTIMONY, Pa. SSJI (CIV.) 2.05

12.   The sworn testimony of witnesses taken by videotape deposition prior to this trial, is about to be presented to you. The testimony of a witness who for some proper reason cannot be present to testify in person, may be presented in this form. Such testimony is given under oath and in the presence of attorneys for both parties, who question the witness. A court reporter takes down everything that is said and then transcribes the testimony. The use of videotape permits you to see and hear the witness as he or she appeared and testified under questioning by counsel. This form of testimony is entitled to neither more nor less consideration by the jury because of the manner of its submission.

Respectfully submitted,

HAGGERTY LAW FIRM

By: *WEH*
William E. Haggerty, Esquire
Attorney I.D. No. 23845
240 N. Duke Street
Lancaster, PA 17602
(717)397-3200

Dated: 2/26/02

ACCEPTED _____   REJECTED _____   COVERED _____

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a true and correct copy of the foregoing document upon the person(s) and in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure.

### SERVICE BY FIRST CLASS MAIL ADDRESSED AS FOLLOWS:

David R. Fine, Esquire
Kirkpatrick & Lockhart
240 North Third Street
Harrisburg, PA 17101-1507

DATED: February 26, 2002

HAGGERTY LAW FIRM

By: _____
William E. Haggerty, Esquire
Attorney I.D. No. 23845
Attorney for Plaintiff
P.O. Box 1527
Lancaster, PA 17608-1527
(717) 397-3200