IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR R. COTTON, | : | |
| Plaintiff | : | Civil Action No. 1:CV-00-1709 |
| | : | |
| v. | : | Judge Kane |
| | : | |
| THREE RIVERS HEALTH PLANS, INC., | : | |
| a Corporation, and WARREN CARMICHAEL, | : | |
| Defendants | : | |

## PLAINTIFF'S PROPOSED SPECIAL JURY INTERROGATORIES

1. Has Dr. Cotton proven, by a preponderance of the evidence, that he was a licensed physician pursuant to the definition of "health care provider" in the Pennsylvania Medical Gag Clause Prohibition, 40 P.S. 991.2111?

    ___ Yes ___ No

[If you answered "Yes", please continue to the next question. If you answered "no", you should now return to the courtroom.]

2. Has Dr. Cotton proven, by a preponderance of the evidence, that he was "advocating for medically necessary and appropriate health care consistent with the degree of learning and skill ordinarily possessed by a reputable health care provider practicing according to the applicable legal standard of care"?

    ___ Yes ___ No

3. Has Dr. Cotton proven, by a preponderance of the evidence, that he was "protesting a decision, policy or practice that the health care provider, consistent with the degree of learning and skill ordinarily possessed by a reputable health care provider practicing according to the

applicable legal standard of care, reasonably believes interferes with the health care provider's ability to provide medically necessary and appropriate care"?

        ___ Yes ___ No

[If you answered "Yes" to either No. 2 or No. 3, please continue to the next question. If you answered "no", you should now return to the courtroom.]

4.     Has Dr. Cotton proven by a preponderance of the evidence, that Three Rivers Health Plans, Inc. terminated his employment because he was "advocating for medically necessary and appropriate health care consistent with the degree of learning and skill ordinarily possessed by a reputable health care provider practicing according to the applicable legal standard of care" or "protesting a decision, policy or practice that the health care provider, consistent with the degree of learning and skill ordinarily possessed by a reputable health care provider practicing according to the applicable legal standard of care, reasonably believes interferes with the health care provider's ability to provide medically necessary and appropriate care"?

        ___ Yes ___ No

[If you answered "Yes", please continue to the next question. If you answered "no", you should now return to the courtroom.]

5.     Has Three Rivers Health Plans, Inc. proven, by a preponderance of the evidence, that Three Rivers Health Plans, Inc. had separate, plausible and legitimate reasons for terminating his employment.

        ___ Yes ___ No

[If you answered "Yes", please continue to the next question. If you answered "no", you should now return to the courtroom.]

6. Has Dr. Cotton proven, by a preponderance of the evidence, that the reasons set forth by Three Rivers for terminating Dr. Cotton were implausible, inconsistent and contradictory?

___ Yes ___ No

7. Has Dr. Cotton proven, by a preponderance of the evidence, that he suffered damages as a result of Three Rivers' termination of his employment?

___ Yes ___ No

[If you answered "yes", please continue to the next question. If you answered "no", you should now return to the courtroom.]

8. If Dr. Cotton has proven, by a preponderance of the evidence, that he suffered damages as a result of Three Rivers' termination of his employment, what damages do you award, if any, for:

    Lost Wages $ _____

    Lost Bonuses $ _____

    3% Stock Option $ _____

    Punitive Damages $ _____

Respectfully submitted,

HAGGERTY LAW FIRM

By: _____
William E. Haggerty, Esquire
Attorney I.D. No. 23845
240 N. Duke Street
Lancaster, PA 17602
(717)397-3200

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a true and correct copy of the foregoing document upon the person(s) and in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure.

### SERVICE BY FIRST CLASS MAIL ADDRESSED AS FOLLOWS:

David R. Fine, Esquire
Kirkpatrick & Lockhart
240 North Third Street
Harrisburg, PA 17101-1507

HAGGERTY LAW FIRM

DATED: February 26, 2002          By: _____
William E. Haggerty, Esquire
Attorney I.D. No. 23845
Attorney for Plaintiff
P.O. Box 1527
Lancaster, PA 17608-1527
(717) 397-3200