IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VICTOR R. COTTON,
        Plaintiff     :   Civil Action No. 1:CV-00-1709

v.                  :   Judge Kane

THREE RIVERS HEALTH PLANS, INC.,
a Corporation, and WARREN
CARMICHAEL,
        Defendants

**FILED HARRISBURG**
**FEB 27 2002**
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED POINTS FOR CHARGE**

1. Objection. Defendant's Points for Charge are improper in that they are not points for charge but an advocate's statement of facts. The jury's function as a fact finder is to assess the credibility of witnesses and determine which or all of the testimony, documents and other information to consider. Defendant's points for charge usurp that function by including facts which the Defendant wants the jury to accept.

The jury's job is to determine the facts and apply the law to the facts. The points for charge should be a statement of the law only, leaving the credibility of witnesses and fact finding to the jury.

Plaintiff suggests that the Court follow the Pennsylvania Suggested Standard Jury Instructions.

2. Objection. Defendant's Points for Charge are improper in that they are not points for charge but an advocate's statement of facts. The jury's function as a fact finder is to assess the credibility of witnesses and determine which or all of the testimony, documents and other information to consider. Defendant's points for charge usurp that function by including facts which the Defendant wants the jury to accept.


The jury's job is to determine the facts and apply the law to the facts. The points for charge should be a statement of the law only, leaving the credibility of witnesses and fact finding to the jury.

Plaintiff suggests that the Court follow the Pennsylvania Suggested Standard Jury Instructions.

3. Objection. Defendant's Points for Charge are improper in that they are not points for charge but an advocate's statement of facts. The jury's function as a fact finder is to assess the credibility of witnesses and determine which or all of the testimony, documents and other information to consider. Defendant's points for charge usurp that function by including facts which the Defendant wants the jury to accept.

The jury's job is to determine the facts and apply the law to the facts. The points for charge should be a statement of the law only, leaving the credibility of witnesses and fact finding to the jury.

Plaintiff suggests that the Court follow the Pennsylvania Suggested Standard Jury Instructions.

4. Objection. Defendant's Points for Charge are improper in that they are not points for charge but an advocate's statement of facts. The jury's function as a fact finder is to assess the credibility of witnesses and determine which or all of the testimony, documents and other information to consider. Defendant's points for charge usurp that function by including facts which the Defendant wants the jury to accept.

The jury's job is to determine the facts and apply the law to the facts. The points for charge should be a statement of the law only, leaving the credibility of witnesses and fact finding to the jury.

Plaintiff suggests that the Court follow the Pennsylvania Suggested Standard Jury Instructions.

5. Objection. Defendant's Points for Charge are improper in that they are not points for charge but an advocate's statement of facts. The jury's function as a fact finder is to assess the credibility of witnesses and determine which or all of the testimony, documents and other information to consider. Defendant's points for charge usurp that function by including facts which the Defendant wants the jury to accept.

The jury's job is to determine the facts and apply the law to the facts. The points for charge should be a statement of the law only, leaving the credibility of witnesses and fact finding to the jury.

Plaintiff suggests that the Court follow the Pennsylvania Suggested Standard Jury Instructions.

6. Objection. Defendant's Points for Charge are improper in that they are not points for charge but an advocate's statement of facts. The jury's function as a fact finder is to assess the credibility of witnesses and determine which or all of the testimony, documents and other information to consider. Defendant's points for charge usurp that function by including facts which the Defendant wants the jury to accept.

The jury's job is to determine the facts and apply the law to the facts. The points for charge should be a statement of the law only, leaving the credibility of witnesses and fact finding to the jury.

Plaintiff suggests that the Court follow the Pennsylvania Suggested Standard Jury Instructions.

7. Objection. Defendant's Points for Charge are improper in that they are not points for charge but an advocate's statement of facts. The jury's function as a fact finder is to assess the credibility of witnesses and determine which or all of the testimony, documents and other

information to consider. Defendant's points for charge usurp that function by including facts which the Defendant wants the jury to accept.

The jury's job is to determine the facts and apply the law to the facts. The points for charge should be a statement of the law only, leaving the credibility of witnesses and fact finding to the jury.

Plaintiff suggests that the Court follow the Pennsylvania Suggested Standard Jury Instructions.

8. Objection. Defendant's Points for Charge are improper in that they are not points for charge but an advocate's statement of facts. The jury's function as a fact finder is to assess the credibility of witnesses and determine which or all of the testimony, documents and other information to consider. Defendant's points for charge usurp that function by including facts which the Defendant wants the jury to accept.

The jury's job is to determine the facts and apply the law to the facts. The points for charge should be a statement of the law only, leaving the credibility of witnesses and fact finding to the jury.

Plaintiff suggests that the Court follow the Pennsylvania Suggested Standard Jury Instructions.

9. Objection. Defendant's Points for Charge are improper in that they are not points for charge but an advocate's statement of facts. The jury's function as a fact finder is to assess the credibility of witnesses and determine which or all of the testimony, documents and other information to consider. Defendant's points for charge usurp that function by including facts which the Defendant wants the jury to accept.

The jury's job is to determine the facts and apply the law to the facts. The points for charge should be a statement of the law only, leaving the credibility of witnesses and fact finding to the jury.

Plaintiff suggests that the Court follow the Pennsylvania Suggested Standard Jury Instructions.

PROPOSED LIMITING INSTRUCTIONS

Plaintiff objects to Defendant's Proposed Limiting Instructions. Defendant's Proposed Limiting Instructions are improper in that they include an advocate's statement of facts. The jury's function as a fact finder is to assess the credibility of witnesses and determine which or all of the testimony, documents and other information to consider. Defendant's suggested instructions usurp that function by including facts which the Defendant wants the jury to accept.

The jury's job is to determine the facts and apply the law to the facts. The limiting instructions should be a statement of the law only, leaving the credibility of witnesses and fact finding to the jury.

Respectfully submitted,

HAGGERTY LAW FIRM

By: _____
William E. Haggerty, Esquire
Attorney I.D. No. 23845
240 N. Duke Street
Lancaster, PA 17602
(717)397-3200

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a true and correct copy of the foregoing document upon the person(s) and in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure.

### SERVICE BY FIRST CLASS MAIL ADDRESSED AS FOLLOWS:

David R. Fine, Esquire
Kirkpatrick & Lockhart
240 North Third Street
Harrisburg, PA 17101-1507

DATED: February 26, 2002

HAGGERTY LAW FIRM

By: _____
William E. Haggerty, Esquire
Attorney I.D. No. 23845
Attorney for Plaintiff
P.O. Box 1527
Lancaster, PA 17608-1527
(717) 397-3200