IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VICTOR R. COTTON,
    Plaintiff

v.

THREE RIVERS HEALTH PLANS, INC.,
a Corporation, and WARREN
CARMICHAEL,
    Defendants

Civil Action No. 1:CV-00-1709

Judge Kane



FILED
FEB 2 8 2002
PER ____
HARRISBURG, PA  DEPUTY CLERK

### PLAINTIFF'S MOTION IN LIMINE

Plaintiff, Victor R. Cotton, hereby offers its motion in limine as follows:

Affidavit of Donna R. Lengle

1. The discovery deadline in this case was August 17, 2001.

2. Six (6) months after the close of discovery, under cover letter dated February 25, 2002, Defendant produced for the first time an Affidavit of Donna R. Lengle dated January 28, 2002 which was received by Plaintiff on February 27, 2001. A true and correct copy of the Affidavit of Donna R. Lengle is attached hereto and marked as Exhibit "A."

3. The Affidavit of Donna R. Lengle was only produced to Plaintiff by letter dated February 25, 2002, a copy of which is attached hereto as Exhibit "B", which is past the discovery deadline.

4. Pursuant to Fed. R. Civ. P. 37(c)(1), Plaintiff moves for an order precluding Defendant from offering the Affidavit of Donna R. Lengle at the time of trial.

5. The Affidavit of Donna R. Lengle at paragraphs 6, 7 and 9 contains information that is not relevant or admissible to the remaining claims for wrongful discharge and punitive damages.

6. Pursuant to Fed. R. Evid. 401 and 402, Plaintiff moves for an order precluding Defendant from offering the Affidavit of Donna R. Lengle at the time of trial.

7.  The Defendant has also listed Affidavits of Patricia Casey and Leslie Gelpi as Exhibits 7 and 8 for trial (copies of which are attached hereto as Exhibits "C" and "D").

8.  All three Affidavits are hearsay and thus inadmissible under the Federal Rules of Evidence, in particular Rule 801 et seq.

9.  There is no exception to allow for the admission of these out of court statements.

10. The Plaintiff previously asked the Defendant for the purpose and basis to admit the Affidavits of Patricia Casey and Leslie Gelpi, which are hearsay, but the Defendant has offered no explanation.

11. The Plaintiff did tell the Defendant that he would object to the Affidavits of Patricia Casey and Leslie Gelpi.

WHEREFORE, Plaintiff Victor R. Cotton respectfully requests that this Court grant Plaintiff's Motion in Limine and enter a pretrial order in limine precluding Defendant from offering the Affidavits of Donna R. Lengle, Patricia Casey and Leslie Gelpi at the time of trial.

Respectfully submitted,

HAGGERTY LAW FIRM

By: _____
William E. Haggerty, Esquire
Counsel for Plaintiff
Attorney I.D. No. 23845
240 North Duke Street
Lancaster, PA 17602
(717) 397-3200

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR R. COTTON, | : | |
| Plaintiff | : | Civil Action No. 1:CV-00-1709 |
| | : | |
| v. | : | Judge Kane |
| | : | |
| THREE RIVERS HEALTH PLANS, INC., | : | |
| a Corporation, and WARREN | : | |
| CARMICHAEL, | : | |
| Defendants | : | |

### CERTIFICATE OF NON-CONCURRENCE

I certify that on February 27, 2002, I sought the concurrence of Defendant's counsel in the foregoing motion and that he declined to so concur.

_____
William E. Haggerty

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a true and correct copy of the foregoing document upon the person(s) and in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure.

### SERVICE BY OVERNIGHT DELIVERY ADDRESSED AS FOLLOWS:

David R. Fine, Esquire
Kirkpatrick & Lockhart
240 North Third Street
Harrisburg, PA 17101-1507

|  |  |
|---|---|
|  | HAGGERTY LAW FIRM |
| DATED: February 27, 2002 | By: _____ |
|  | William E. Haggerty, Esquire |
|  | Attorney I.D. No. 23845 |
|  | Attorney for Plaintiff |
|  | P.O. Box 1527 |
|  | Lancaster, PA 17608-1527 |
|  | (717) 397-3200 |

# AFFIDAVIT OF DONNA R. LENGLE

COUNTY OF ALLEGHENY                           :

COMMONWEALTH OF PENNSYLVANIA        :

The Affiant, being duly sworn, deposes and testifies as follows:

1. My name is Donna R. Lengle. I am a registered nurse and am currently employed by Three Rivers Administrative Services, LLC as Director of the Utilization Management Department.

2. In April and May 1999, I was employed by Three Rivers Health Plans, Inc. as Manager of the Utilization Management Department. At that time, Patricia Casey, RN, served as Director of the Three Rivers' Utilization Management Department and was my immediate supervisor.

3. Sometime during the first week of May 1999, Ms. Casey went on administrative leave and was no longer performing the daily functions of the Director of the Utilization Management Department. When that occurred, I remained the Manager of the Department and worked with Dr. Victor Cotton, who was then the Senior Medical Director for Three Rivers Health Plans, Inc., to perform the daily functions of directing the Utilization Management Department.

4. In early May 1999, Dr. Cotton and I discussed the process whereby I might be promoted to Director of the Utilization Management Department at Three Rivers Health Plans, Inc.

5. On or about May 12, 1999, Dr. Cotton requested that I join a meeting with Mr. Warren Carmichael, the CEO of Three Rivers Health Plans, Inc. At that meeting, Dr. Cotton stated that I was performing many of the daily functions previously performed by Ms. Casey. Dr. Cotton also proposed that I be immediately promoted to Director of the Utilization Management Department. Dr. Cotton appeared disappointed when Mr. Carmichael did not immediately agree to that proposal

6. At no time while I was present did Dr. Cotton state or imply, in any way, that the failure to immediately promote me to Director of the Utilization Management Department would constitute a fraud on the government or a failure by Three Rivers

Health Plans, Inc. to fulfill the obligations of its managed care agreement with the Pennsylvania Department of Public Welfare.

7. At no time did Dr. Cotton ever state or otherwise indicate to me or in my presence that he had reason to believe that Three Rivers Health Plans, Inc. ever defrauded any government agency or otherwise failed to fulfill the obligations of the managed care agreement with the Pennsylvania Department of Public Welfare.

8. In September 1999, I was promoted to Director of Utilization Management for Three Rivers Health Plans, Inc. That promotion did not result in any significant expanded duties, i.e. since May 1999 through the present I have continued to perform the daily functions which were previously performed by Ms. Casey when she was the Director of the Utilization Management Department.

9. I have no personal knowledge and am not otherwise aware of any actions by Three Rivers Health Plans, Inc., Three Rivers Administrative Services, LCC or anyone associated with or employed by those companies that would constitute a fraud or other failure by the companies to fulfill the obligations of the managed care agreement with the Pennsylvania Department of Public Welfare.

_____
Donna R. Lengle

Sworn to before me
this 28th day of January,
2002

_____
Notary Public

Notarial Seal
Francine J. Carbo, Notary Public
Monroeville Boro, Allegheny County
My Commission Expires May 21, 2005
Member, Pennsylvania Association of Notaries

2

# Kirkpatrick & Lockhart LLP

Payne Shoemaker Building
240 North Third Street
Harrisburg, PA 17101-1507
717.231.4500
www.kl.com

February 25, 2002

David R. Fine
717.231.5820
Fax: 717.231.4501
dfine@kl.com

William E. Haggerty, Esq.
240 North Duke Street
Lancaster, PA 17602

Re:   *Cotton v. Three Rivers Health Plans, Inc.*, No. 1:CV-00-1709,
U.S. District Court for the Middle District of Pennsylvania

Dear Bill:

I am enclosing service copies of Three Rivers' proposed jury instructions (which were also faxed to you today to allow you time to file your objections by Wednesday), objections to Plaintiff's proposed jury instructions and proposed voir dire questions.

I am also including copies of three documents. One is an affidavit only recently executed. The other two are job descriptions that Three Rivers only recently found in a file. We wanted to produce them to you immediately.

Should you have any questions, please do not hesitate to telephone me at the number noted above.

Very truly yours,

David R. Fine

Enclosures

## AFFIDAVIT OF PATRICIA E. CASEY

COUNTY OF ALLEGHENY           :
                              :
COMMONWEALTH OF PENNSYLVANIA  :

The Affiant, being duly sworn, deposes and testifies as follows:

1. My name is Patricia E. Casey and I was an employee of Three Rivers Health Plans between the fall of 1997 and the spring of 1999.

2. I began my employment at Three Rivers as a case manager and eventually became the director of the Utilization Management Department, a position I held until I left the company.

3. During my tenure with Three Rivers, I worked with Victor R. Cotton and personally observed his interactions with his superiors and his other co-workers.

4. For the first several months in which we worked together, my business relationship with Dr. Cotton was a good one and he indicated support and appreciation for my work.

5. In late 1998 and early 1999, Dr. Cotton began discussing with me his unhappiness with the senior management of Three Rivers, particularly its chief executive officer, Warren Carmichael.

6. Dr. Cotton told me that he did not believe Warren Carmichael was the best person to be the chief executive officer of Three Rivers.

7. Dr. Cotton told me that his reason for wanting Mr. Carmichael to lose his position was that Dr. Cotton believed Mr. Carmichael did not support Dr. Cotton's views and that Dr. Cotton resented Mr. Carmichael's position as chief executive officer.

8. Dr. Cotton sought my assistance in his efforts to see Mr. Carmichael lose his position as chief executive officer of Three Rivers; in particular, Dr. Cotton asked me to call William Lawson to encourage such a result.

9. When I refused to assist Dr. Cotton in his efforts to undermine Mr. Carmichael, his attitude and demeanor toward me changed dramatically.

10. On February 23, 1999, Dr. Cotton and I had an altercation regarding Dr. Cotton's efforts to undermine Mr. Carmichael.

11. After the February 23, 1999, altercation, Dr. Cotton essentially refused to work with me and instructed others not to work with me.

13. As a result of Dr. Cotton's actions, it became extremely difficult for me to perform my duties as Director of Utilization Management.

14. I made efforts to rehabilitate my working relationship with Dr. Cotton, but he rejected those efforts.

Patricia E. Casey

Sworn to before me
this 6 day of October,
2001

Notary Public

Notarial Seal
Deanna L. Sowa, Notary Public
Monroeville Boro, Allegheny County
My Commission Expires Mar. 3, 2005
Member, Pennsylvania Association of Notaries

## AFFIDAVIT OF LESLIE A. GELPI

COUNTY OF ALLEGHENY             :
                                :
COMMONWEALTH OF PENNSYLVANIA    :

The Affiant, being duly sworn, deposes and testifies as follows:

1. My name is Leslie A. Gelpi. In 1998 and 1999, I was employed by Three Rivers Health Plans, Inc., as Controller. I currently serve as the Vice President/Finance for Three Rivers Administrative Services, LLC, a company affiliated with Three Rivers Health Plans, Inc.

2. In performing my duties as Three Rivers' Controller during 1998 and 1999, I interacted with hospitals and other providers who had business dealings with Three Rivers.

3. I spoke in February 1999 with Steven Handy, Vice President of the Uniontown Hospital (one of Three Rivers' providers in Western Pennsylvania).

4. Attached to this affidavit as Exhibit "1," and incorporated by reference, is a true and correct copy of a letter I received in early February 1999 from Mr. Handy.

5. The letter from Mr. Handy was obtained and retained in the ordinary course of the business of Three Rivers. The letter was recovered from the custodian of the file in which that letter is maintained.

6. Attached to this affidavit as Exhibit "2," and incorporated by reference, is a true and correct copy of a memorandum I prepared at the time I spoke with Mr. Handy in February 1999.

7. I prepared the memorandum attached as Exhibit "2" at the time of, or shortly after, the events and discussions described in that memorandum and the memorandum accurately recounts those events.

8. I sent a copy of the memorandum attached as Exhibit "2" to Warren Carmichael in February 1999.

9. I prepared the memorandum attached as Exhibit "2" as part of my regular employment responsibilities, the memorandum has been retained in the ordinary course of the business of Three Rivers and was recovered from the custodian of the file in which that memorandum is maintained.

Leslie A. Gelpi

Sworn to before me
this 19th day of September, 2001

Notary Public

Notarial Seal
Francine J. Carbo, Notary Public
Monroeville Boro, Allegheny County
My Commission Expires May 21, 2005
Member, Pennsylvania Association of Notaries

2