# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR R. COTTON, | : | |
| Plaintiff | : | Civil Action No. 1:CV-00-1709 |
| | : | |
| v. | : | Judge Kane |
| | : | |
| THREE RIVERS HEALTH PLANS, INC., | : | |
| a Corporation, and WARREN | : | |
| CARMICHAEL, | : | |
| Defendants | : | |

FILED
HARRISBURG, PA
FEB 28 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION IN LIMINE

**I.  Facts and Procedural History**

Plaintiff, Victor R. Cotton, began this action by filing a Complaint in the Court of Common Pleas of Dauphin County, Pennsylvania, on September 12, 2000. By notice of September 25, 2000, Defendants removed the case to this Court because of the federal question asserted in Counts 4 and 5 of the Complaint. Pursuant to this Court's Order of February 1, 2002, the remaining claims are for wrongful discharge and punitive damages.

**II.  Issues Presented**

A.  WHETHER DEFENDANT SHOULD BE PRECLUDED FROM OFFERING THE AFFIDAVIT OF DONNA R. LENGLE AT THE TIME OF TRIAL WHEN NOT TIMELY PRODUCED?

(Answered in the Affirmative)

B.  WHETHER DEFENDANT SHOULD BE PRECLUDED FROM OFFERING THE AFFIDAVITS OF DONNA R. LENGLE, PATRICIA CASEY AND LESLIE GELPI AT THE TIME OF TRIAL WHEN THEY CONTAIN IRRELEVANT AND INADMISSABLE INFORMATION AND ARE HEARSAY AND THUS INADMISSIBLE UNDER THE FEDERAL RULES OF EVIDENCE?

(Answered in the Affirmative)

**III.  Law and Discussion**

A.  DEFENDANT SHOULD BE PRECLUDED FROM OFFERING THE AFFIDAVIT OF DONNA R. LENGLE AT THE TIME OF TRIAL SINCE IT WAS NOT TIMELY PRODUCED.

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

Rule 37(c) (1) calls for the exclusion of evidence that should have been disclosed pursuant to Rule 26(a) unless (a) the non-disclosing party provides substantial justification for its failure, or (b) the failure to make the required disclosure is harmless. The non-producing party shoulders the burden of proving substantial justification for its conduct or that the failure to produce was harmless. See Stallworth v. E.Z. Serve Convenience Stores, 199 F.R.D. 366 (M.D. Ala. 2001).

"Substantial justification" for the failure to make a required disclosure has been regarded as "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." United States v. Dentsply Intern., Inc., No. Civ. A. 99-5, 2000 WL 654378, *7 (D. Del. May 10, 2000

The court has discretion in determining whether to bar evidence based upon a party's failure to comply with Rule 26(a). See, e.g., Rambus, Inc. v. Infineon Technologies AG, 145 F. Supp.2d 721 (E.D. Va. 2001). Under Rule 37, "[t]he imposition of sanctions for abuse of discovery...is a matter within the discretion of the trial court." Newman v. GHS Osteopathic, Inc., 60 F.3d 153, 156 (3d Cir. 1995).

In Nicholas v. Pennsylvania State University, 227 F.3d 133, 148 (3d Cir. 2000), the court held:

> In considering whether the exclusion of evidence is an appropriate sanction for failure to comply with discovery duties, we must consider four factors: (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation.

2

Courts of the Third Circuit should exercise particular restraint in considering motions to exclude evidence. ABB Air Preheater, Inc. v. Regenerative Environmental Equipment Co., 167 F.R.D. 668 (D. N.J. 1996).

In this case, the discovery deadline in this case was August 17, 2001. Six (6) months after the close of discovery, under cover letter dated February 25, 2002, Defendant produced for the first time an Affidavit of Donna R. Lengle which was received by Plaintiff on February 27, 2001. The Affidavit is dated January 28, 2002. The Affidavit of Donna R. Lengle was not produced prior to the discovery deadline. Plaintiff would be prejudiced by the admission of the Affidavit of Donna R. Lengle absent additional opportunity to take discovery. Pursuant to Fed. R. Civ. P. 37(c)(1), Plaintiff requests an order precluding Defendant from offering the Affidavit of Donna R. Lengle at the time of trial.

B.  DEFENDANT SHOULD BE PRECLUDED FROM OFFERING THE AFFIDAVITS OF DONNA R. LENGLE, PATRICIA CASEY AND LESLIE GELPI AT THE TIME OF TRIAL SINCE IT CONTAINS IRRELEVANT AND INADMISSABLE INFORMATION AND ARE HEARSAY AND THUS INADMISSIBLE UNDER THE FEDERAL RULES OF EVIDENCE.

Fed. R. Evid. 401 provides as follows:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would without the evidence.

Fed. R. Evid. 402 provides as follows:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

The Affidavit of Donna R. Lengle at paragraphs 6, 7 and 9 contains information that is not relevant to the remaining claims for wrongful discharge and punitive damages. The Affidavit of Donna R. Lengle is not relevant and, therefore, not admissible pursuant to Fed. R. Evid. 401 and 402.

3

The Affidavits of Patricia Casey and Leslie Gelpi contain information that is not relevant to the remaining claims for wrongful discharge and punitive damages. The Affidavits of Patricia Casey and Leslie Gelpi are not relevant and, therefore, not admissible pursuant to Fed. R. Evid. 401 and 402.

Fed. R. Evid. 801 provides as follows:

> "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

There is no exception to allow for the admission of these out of court statements. Therefore, the Affidavits of Donna R. Lengle, Patricia Casey and Leslie Gelpi are hearsay and thus inadmissible under the Federal Rules of Evidence, Rule 801 et seq.

### IV.    Conclusion

For the reasons set forth above, Plaintiff, Victor R. Cotton, respectfully requests that this Court grant Plaintiff's Motion in Limine and enter a pretrial order in limine precluding Defendant from offering the Affidavits of Donna R. Lengle, Patricia Casey and Leslie Gelpi at the time of trial.

Respectfully submitted,

HAGGERTY LAW FIRM

By: _____
William E. Haggerty, Esquire
Counsel for Plaintiff
Attorney I.D. No. 23845
240 North Duke Street
Lancaster, PA  17602
(717) 397-3200

4

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a true and correct copy of the foregoing document upon the person(s) and in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure.

### SERVICE BY OVERNIGHT DELIVERY ADDRESSED AS FOLLOWS:

David R. Fine, Esquire
Kirkpatrick & Lockhart
240 North Third Street
Harrisburg, PA 17101-1507

HAGGERTY LAW FIRM

DATED: February 27, 2002    By: _____
William E. Haggerty, Esquire
Attorney I.D. No. 23845
Attorney for Plaintiff
P.O. Box 1527
Lancaster, PA 17608-1527
(717) 397-3200