IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR R. COTTON, : | CIVIL ACTION NO. 1:CV-00-1709 |
| Plaintiff, : | |
| : | Judge Kane |
| v. : | |
| : | |
| THREE RIVERS HEALTH PLANS, : | |
| INC., A Corporation, and WARREN : | |
| CARMICHAEL, : | |
| : | |
| Defendants. : | |

FILED
HARRISBURG

MAR - 7 2002

MARY E. D'ANDREA, CLERK
Per_____
       DEPUTY CLERK

### MEMORANDUM AND ORDER

In addition to the issues raised in the Court's February 26, 2002 Order, Defendant has raised an additional issue in the nature of a motion in limine. At an in-chambers conference, the Court ruled that Dr. Cotton may testify on his own behalf as an expert. This Memorandum and Order details that ruling.

Plaintiff Victor R. Cotton was hired in 1997 by Defendant Three Rivers Health Plans, Inc., and promoted to the position of Senior Medical Director in January 1998. Plaintiff was terminated from his employment on May 26, 1999. Dr. Cotton filed this suit in the Dauphin County Court of Common Pleas on September 12, 2000. Defendant removed the case to this Court because of federal questions presented in the complaint, and the Court exercised supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1441(c). Following rulings on a motion to dismiss and a motion for summary judgment, only Dr. Cotton's wrongful termination claim survived. Because the case was ready for trial, the Court retains supplemental jurisdiction over this claim.

Dr. Cotton's wrongful termination claim fell under one of the narrow exceptions to the at-will doctrine. See McLaughlin v. Gastrointestinal Specialists, Inc., 750 A.2d 283, 287 (Pa. 2000) (discussing that a cause of action for wrongful termination of an at-will employment relationship can be sustained only "in the most limited of circumstances where the termination implicates a clear mandate of public policy in [Pennsylvania]."). The Court found that Dr. Cotton stated a claim that he had been terminated in violation of the public policy of the Commonwealth of Pennsylvania as stated in the medical gag clause prohibition for

> advocating for medically necessary and appropriate health care consistent with the degree of learning and skill ordinarily possessed by a reputable health care provider practicing according the applicable legal standard of care,

40 P.S. § 991.2113(c)(1), or

> protesting a decision, policy or practice that the health care provider, consistent with the degree of learning and skill ordinarily possessed by a reputable health care provider practicing according to the applicable legal standard of care, reasonably believes interferes with the health care provider's ability to provide medically necessary and appropriate health care.

40 P.S. § 991.2113(c)(2). Specifically, Dr. Cotton asserts in this remaining claim that he was fired for advocating for medically necessary and appropriate health care, and for protesting decisions of Three Rivers in three areas of dispute: (1) alleged disenrollment of organ transplant patients; (2) alleged employment of a drug-impaired pharmacist; and (3) alleged understaffing and faulty corporate structure.

Because of the statute on which Dr. Cotton relies, he will have to establish the applicable legal standard of care. Defendant raised the issue of whether Dr. Cotton would be required to present expert testimony to establish the applicable legal standard of care. Defendant argued that expert testimony is required, and objected to any expert testimony Dr. Cotton would offer on his

2

own behalf, since Dr. Cotton had neither disclosed himself as an expert, nor provided a report pursuant to Fed. R. Civ. P. 26(a)(2).

Plaintiff's proposed testimony clearly qualifies as expert testimony. To establish his claim, Dr. Cotton must present testimony that he was advocating for "medically necessary and appropriate health care consistent with the degree of learning and skill ordinarily possessed by a reputable health care provider practicing according the applicable legal standard of care," or "protesting a decision, policy or practice that the health care provider, consistent with the degree of learning and skill ordinarily possessed by a reputable health care provider practicing according to the applicable legal standard of care, reasonably believes interferes with the health care provider's ability to provide medically necessary and appropriate health care." 40 P.S. § 991.2113(c)(1) and (c)(2). Only expert opinion on this subject will suffice. Expert testimony is required unless "the matter under investigation is so simple, and the lack of skill or want of care so obvious, as to be within the range of the ordinary experience and comprehension of even nonprofessional persons." Chandler v. Cook, 265 A.2d 794, 796 n.1 (Pa. 1970). See also Welsh v. Bulger, 698 A.2d 581, 585 n.11 (Pa. 1997); Matthews v. Clarion Hospital, 742 A.2d 1111, 1112 (Pa. Super. Ct. 1999). Here, where the critical fact at issue is the medical standard of care, the matter is beyond the ken of the average layperson, and requires further explanation.

Prior to the 2000 amendments to the Federal Rules of Evidence, Dr. Cotton may have been permitted to offer his opinion of the prevailing standard of care under Fed. R. Evid. 701, which allows for opinion testimony by lay witnesses. However, the amendments specifically exclude from the purview of Rule 701 any evidence "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. The amendment was enacted "to eliminate the risk that the reliability requirements set forth in Rule 702 will be

3

evaded through the simple expedient of proffering an expert in lay witness clothing." 2000 Amendments Advisory Committee Note. As any testimony from Dr. Cotton regarding the legal standard of care would derive from his expert knowledge as a doctor and as an HMO administrator, any testimony offered on this point must be pursuant to Fed. R. Evid. 702.

Federal Rule of Evidence 702 permits expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. If Dr. Cotton establishes that his knowledge, skill, experience, training and/or education as a lawyer, doctor, and HMO administrator qualify him to provide expert testimony regarding the legal standard of care, his testimony is permissible under Federal Rule of Evidence 702, subject to compliance with the Federal Rules of Civil Procedure.

Defendant argues that even if otherwise qualified, Plaintiff's testimony that discloses expert opinions must be excluded pursuant to Federal Rule of Civil Procedure 26(a)(2). That rule requires disclosure of the identity of experts and with respect to retained experts, or experts employed to give expert testimony, disclosure of a written report, and a detailed list of the expert's qualifications. Dr. Cotton did not identify himself as a medical expert qualified to speak to the prevailing standard of care, and did not make a report. However, as Dr. Cotton did not retain himself as an expert, he may not be under the same reporting requirements as other expert witnesses. See Brandt Distributing Co. v. Federal Ins. Co., 247 F.3d 822, 825-26 (8th Cir. 2001) (finding that Rule 26 was not implicated where a fire captain who investigated a particular fire

and provided expert testimony regarding the nature of the fire had not been retained as an expert).

Moreover, even if the reporting requirements are not excused, and Dr. Cotton is required to identify himself as an expert and make a report. Before ordering the drastic remedy of excluding his testimony for failure to do so, the Court must weigh the following factors to determine whether the sanction of exclusion of testimony is warranted:

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with a court order or discovery obligation.

Nicholas v. Pennsylvania State University, 227 F.3d 133, 148 (3d Cir. 2000).

While the Court can exclude testimony of expert witnesses pursuant to Fed. R. Civ. P. 37, "[t]he focus of a preclusion inquiry is mainly upon surprise and prejudice." Thibeault v. Square D Co., 960 F.2d 239, 246 (1st Cir. 1992). See also Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico, 248 F.3d 29, 35 (1st Cir. 2001) (Discussing that one purpose of a 'detailed and complete' expert report as contemplated by Rule 26(a) is to prevent an ambush at trial). Where prejudice is minimal, expert testimony should not be excluded for failure to comply with disclosure requirements. In Re Paoli Railroad Yard PCB Litigation, 35 F.3d 717, 792-793 (3d Cir. 1994).

Because Dr. Cotton's own good faith belief that practices at Three Rivers deviated from the accepted standard of care is necessary to prove Plaintiff's claim, it can be no surprise to Defendant that Dr. Cotton would offer his observations and opinions on that subject. As Dr. Cotton's former employer, Defendant is well acquainted with Dr. Cotton's complaints about its practices and with Dr. Cotton's qualifications to opine on the subject. Defendant engaged Dr.

Cotton in a deposition that lasted well over a full day and had ample opportunity to question him on this subject. The Court does not find the admission of Dr. Cotton's testimony on the narrow issue of whether the alleged deficiencies at Three Rivers met the statutory standard of care will unduly prejudice the Defendant. Further, the Court finds that permitting this testimony will not disrupt the flow of the trial, and finds no bad faith or wilfulness on the Plaintiff's part in failure to disclose Dr. Cotton as an expert witness.

### Order

**THEREFORE, IT IS ORDERED THAT** Dr. Cotton will be permitted to offer his own expert opinion on the narrow issue of whether the deficiencies he alleged at Three Rivers in his opinion met the statutory standard of care, and Defendant's objections to this testimony are **OVERRULED**.

Yvette Kane
United States District Judge

Dated: March 5, 2002.