ORIGINAL

88
3/8/0

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR R. COTTON, Plaintiff, | : | No. 1:CV-00-1709 |
| | : | |
| | : | ✓Judge Kane |
| vs. | : | |
| | : | |
| THREE RIVERS HEALTH PLANS, INC., a corporation, Defendant. | : | |

FILED
MAR 07 2002
PER ______
HARRISBURG, PA DEPUTY CLERK

## DEFENDANT'S MOTION FOR LEAVE TO CONTACT JURORS PURSUANT TO M.D. PA. LR 83.2.8

Defendant Three Rivers Health Plans, Inc. ("Three Rivers"), hereby moves for leave pursuant to M.D. Pa. LR83.2.8 for leave to send a brief questionnaire to the jurors empaneled to hear this case on March 4 and 5, 2002. In support of its motion, Three Rivers asserts the following:

1. On March 4 and 5, 2002, the Court presided over a jury trial in this matter.

2. On March 5, 2002, at the close of Plaintiff's case, the Court directed a verdict in favor of the defense and discharged the jury.

3. Under M.D. Pa. LR83.2.8, a party and its counsel must seek express consent of the Court before contacting persons who have served on a jury.

4. Three Rivers seeks leave to send a brief questionnaire to the jurors who served in this case. A copy of the proposed questionnaire is attached at Tab "A."

5. The proposed questionnaire focuses on the jurors' perceptions of the presentation of the evidence and *not* on their ultimate view of the merits of either party's case.

6. Three Rivers' purpose in sending the questionnaire would be to learn from the jurors how Three Rivers and its counsel can better and more effectively communicate with finders of fact.

7. If the Court grants it leave to send the questionnaire, Three Rivers would do so with a transmittal letter making clear to the jurors that they are under no obligation to respond in any way and that the communication is from Three Rivers' counsel and not from the Court. A copy of the proposed transmittal letter is attached at Tab "B."

THEREFORE, Three Rivers Health Plans, Inc., respectfully requests that the Court grant it leave to send its proposed questionnaire to the jurors who served in this case.

March 7, 2002

KIRKPATRICK & LOCKHART LLP

Mark A. Rush
David R. Fine
240 North Third Street
Harrisburg, PA 17101
(717) 231-4500
*Counsel for Defendant*

2

## CERTIFICATE OF CONCURRENCE

I certify that, on March 7, 2002, I sought concurrence of Plaintiff's counsel in the foregoing motion and that he kindly indicated his concurrence.

---
David R. Fine

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR R. COTTON,<br>    Plaintiff, | : | No. 1:CV-00-1709 |
| | : | |
| | : | Judge Kane |
| vs. | : | |
| | : | |
| THREE RIVERS HEALTH PLANS, | : | |
| INC., a corporation, | : | |
|         Defendant. | : | |

## **O R D E R**

AND NOW, this _____ day of _____, 2002, upon consideration of Defendant's motion for leave to contact jurors, it is ordered that the motion is granted and Defendant may send to the empaneled jurors the questionnaire and transmittal letter attached to its motion.

                                                              _____
                                                              Yvette Kane
                                                              United States District Judge

A

# JUROR COMMENTS
*Cotton v. Three Rivers Health Plans, Inc.*

1.  If you had any initial reactions to the opening statements presented by the lawyers, what were those reactions?

In general:

Plaintiff's opening statement (Bill Haggerty):

Defendant's opening statement (David Fine):

2.  If you had any initial reactions to the testimony, what were those reactions (please let us know your thoughts about the lawyers' questioning, the demeanor of the witnesses and the credibility of the witnesses)?

3. Did you find the use of videotape, document-display systems or timelines to be helpful to you in following the testimony? If so, how?

4. Did the fact that the defendant is a managed-care company (or health-maintenance organization or HMO) make any impression on you, either positive or negative?

5. What could the lawyers have done to better communicate with you?

**Please return this questionnaire in the enclosed envelope. We are sincerely grateful for your service as a juror and for your candid comments.**

March 7, 2002

David R. Fine
717.231.5820
Fax: 717.231.4501
dfine@kl.com

Name of Juror
Address of Juror

**Re:   *Cotton v. Three Rivers Health Plans, Inc.***

Dear _____:

   Thank you for taking time earlier this month to serve on the jury for this case. I think all of the parties and the lawyers are grateful for your taking time away from your life to provide such an important public service.

   As you might imagine, at the end of trials such as this one, the lawyers and the parties are often interested to know what impressions the jurors had of the evidence and the presentations. Among other things, we lawyers have a great deal to learn and juror insights are an important way for us to learn how to better do our jobs.

   The U.S. District Court for the Middle District of Pennsylvania has specific rules governing when lawyers can contact jurors after the close of a case. We are required to seek permission from the presiding judge. We did so and Judge Kane has allowed us to send this letter to you. Please note, however, that this letter is not in any way from the court and that you are under absolutely no obligation to respond.

   If you have just a moment and would be willing to share your comments with us on the enclosed form, we would be grateful. I have included a self-addressed, postage-prepaid envelope that you can use if you decide to respond. Dr. Cotton's lawyer has asked that we share with him any response we receive from you, and we will certainly do so.

   In any event, thank you again for your service to the court, the parties and the lawyers.

Very truly yours,

David R. Fine

## CERTIFICATE OF SERVICE

I hereby certify that, on March 7, 2002, I served a true and correct copy of the foregoing document on the following by U.S. Mail.

                William E. Haggerty, Esq.
                240 North Duke Street
                Lancaster, PA  17602

_____
David R. Fine